Cortland A. Johnson, J.
This is an article 78 proceeding to review the determination of the Town Zoning Board of Appeals, in denying the applications made by both the owner and the contract vendee, for a variance to erect a house on a plot 40 feet by 100 feet in a residential B zone, which is presently zoned for a minimum plot of 60 feet by 100 feet.
The four lots in question, numbers 7 through 10, came into the common ownership of Heist on in 1945. A house had been built on Lots 9 and 10 in 1936.
Petitioner Cabral bought the whole parcel containing about 8,000 square feet from Helston in Hovember, 1956.
*551 A contract was made with the other petitioner, Edln Builders, in December, 1957 for the sale of Lots 7 and 8, subject to a variance being procured from the town.
From 1951 to September, 1957 the applicable ordinance, section B-10.1., required a lot area of 6,000 square feet. There was an exception somewhat inartfully drawn, the sense of which however was to permit construction of a house on 4,000 square feet provided the applicant owned no other contiguous land.
There was a glaring defect in this ordinance, in that it fixed no time when the exception need exist, ’ so that all an applicant had to do was to arrange his affairs so as to bring himself within the exception at the time of the application.
Such construction was adopted by this court in Matter of Edlu Custom Builders v. Young (N. Y. L. J., Oct. 25, 1956, p. 12, col. 7, affd. 3 A D 2d 922 without opinion).
In September, 1957, section B-10.1. was amended so as to plug this loophole and it now provides that the exception, which permits construction of a house on 4,000 square feet, only applies if the lot was in separate ownership from that of any adjoining land at the time of the amendment, and provided further, that it did not come into common ownership with adjoining land at any time thereafter.
It is evident that since Lots 7 through 10 were in the common ownership of Cabral in September, 1957, he does not qualify for the exception and his contract vendee is in no better position.
To the argument that there is no rational basis for discriminating between owners who have adjoining land and those who do not, there is the obvious answer that the former can comply and use the open area for light, air and recreation space around their home, while the latter cannot.
There is a direct and self-evident relation between controlling population concentration in a town and problems of health, welfare and safety, and a municipality’s right to zone the size of building plots has been sustained many times. See Ferryman v. Weisser (3 A D 2d 674) where petitioner sold off 13,000 square feet and then was denied a permit to build on remaining 11,000 square feet, under a zoning restriction for 12,900 square feet.
Here, petitioner has only a 20-foot lot over the minimum size plot.
Application denied.
Short form order signed.