Cortland A. Johnson, J.
This is an article 78 proceeding to review the denial of an application for a variance to construct a house on two lots with an area of hut 4,000 square feet.
The chain of title shows that one Lena Quatro purchased lots Nos. 127 and 128 in March, 1952. In June, 1952 she bought the adjoining lots, Nos. 129 and 130, which already had a house on them, that had been built there in 1947.
On December 20, 1957 she sold the house and only two of the lots, Nos. 129 and 130, to one Goldberg, and on February 28, 1958 she contracted to sell the remaining two lots to Fina Homes, which is the petitioner herein.
Thus, when the amendment to section B-10.1 of the Town Zoning Ordinance was adopted in September, 1957 Quatro owned four contiguous lots measuring 80 feet hy 100 feet.
Since the amendment excepted compliance with its 6,000 square feet requirement, only for smaller plots which were not in common ownership after September, 1957, she does not come within the exemption.
Quatro could not enlarge her rights by selling off part of the parcel, so the situation is no different than it would he if she still owned it all and was the applicant herein.
The claim is made that she acquired a vested right to construct a house on 4,000 square feet under the previous ordinance. This might be so, had she sold to Goldberg before the ordinance was amended in September, 1957, hut from that time *577 forward she was on notice that she no longer had the right to subdivide a plot so as to leave the house with less than the minimum amount of land. (See Ordinance, § B-10.2.) Under the 1951 amendment to the ordinance, an owner might reasonably have concluded he was free to subdivide his plot and still come within the exception in the ordinance. (See Matter of Cabral v. Young, 14 Misc 2d 550.)
The notion that you acquire a vested right in an ordinance, without taking any action in reliance upon it, is unsound. If adopted, it would automatically invalidate all up-soning. Furthermore, it is contrary to established law in New York (Matter of Atlas v. Dick, 275 App. Div. 670).
Application denied.