Mario Pittoni, J.
By this proceeding under article 78 of the Civil Practice Act, the petitioner seeks to annul a determination of the Board of Zoning Appeals of the Town of Hempstead which refused his application for an area variance.
*120 Petitioner is a contract vendee of a parcel of land near Island Park, irregular in shape, having an area of 3,840 square feet. When the tract was developed in 1930 it was sold to one Frank; rand were it still owned by him, he would be entitled to use it for the construction of a residence as a matter of right, although successive ordinances of the Town of Hempstead have required areas of 4,000 and 6,000 square feet for residence sites (Matter of Richards v. Zoning Bd. of Appeals, 285 App. Div. 287). This property, however, fell into default as to taxes along with the adjoining lots; and as a result of a tax sale the County of Nassau became the owner of this and adjoining property. The county thereafter sold the lots in the same units in which the tax sales occurred, and the plot here involved passed through several hands to the present owner. It is not claimed that it was ever in common ownership with any other property except in the ñamé of the county by virtue of the tax sales.
In 1956, the owner at that time made an application for a similar variance, which being unopposed was granted; but not having been acted upon within the necessary time, it became void and the present application was necessary. In the meantime, the neighborhood has been built up, and, on the present application, neighbors in some numbers objected to the granting of the variance. The Zoning Board of Appeals rejected the application, apparently feeling that the fact that the lots with adjoining property had at one time been in common ownership of the county prevented the granting of relief as a matter of law.
Ownership of land by a county arising from purchase at a tax sale differs in some aspects from other types of ownership. For instance, the purchase of land at a tax sale does not operate to relieve the property purchased of the burden of an easement (Wilkinson v. Nassau Shores, 1 Misc 2d 917, affd. 278 App. Div. 970, mod. 304 N. Y. 614); or of a restrictive covenant (Halpin v. Poushter, 59 N. Y. S. 2d 338). The county, having been compelled to assume the tax title, is hardly in the position of the voluntary purchaser who knowingly acquires abutting parcels; and should not be hampered or penalized in its duty of returning the land to private hands by being compelled to assume the further burden of disposing of the property in plots reassembled to conform to a zoning ordinance from the provisions of which the property would have been free in the hands of its defaulting former owner.
The determination under review will accordingly be annulled and the matter remitted to the Zoning Board of Appeals to *121 issue a permit subject to such reasonable provisions as to front and side yards as may be found proper.
No costs.
Settle order on notice.