Bernard S. Meyer, J.
By this article 78 proceeding petitioner, the contract vendee of a corner 40 feet by 100 feet plot located in the Village of Málveme, seeks an order annulling *824 the denial by the Board of Appeals of his application for a setback variance. The parcel is in a district zoned for 40 feet by 100 feet residential plots, but as a corner parcel is subject to two 25-foot setbacks. Without a variance, any house built on the parcel cannot exceed 10 feet in width. The pertinent provisions of the village ordinance are section 505, which reads in part: ‘ ‘ there shall be a front yard, the depth of which shall be at least twenty-five (25) feet back of the street line. In case of a corner lot, a front yard shall be required on each street on which the lot abuts; provided, that if at the time this ordinance becomes effective any corner lot is held in a single and separate ownership with a width of less than fifty (50) feet, the depth of the front yard on one side of the lot may be decreased when authorized as a special exception by the Board of Appeals as hereinafter provided ” (emphasis supplied); section 1308 which reads: “ No lot area shall be so reduced and no building shall be erected or altered so.that the dimensions of any of the open spaces shall be less than herein prescribed”, and section 1101 which authorizes the board to: “ vary the application of the regulations herein established in harmony with their general purpose and intent as follows:
* # *
“ (c) Exempt a proposed building, either in whole or in part from front yard requirements. This relief shall, however, be granted only in cases where the proposed building adjoins on either or both sides of existing buildings that do not conform to the minimum setback line.”
The ordinance was adopted in 1932. At that time the subject parcel was owned by Málveme Estates, Inc., and the adjoining 40 feet by 100 feet parcel was. owned by Harriet Hughes. Both parcels continued in single and separate ownership until December 27, 1948. At that time Edward J. Henry became the owner of both, and they have continued in common ownership and use to petitioner’s vendor, who has contracted to sell the subject parcel of vacant land to petitioner and to sell the adjoining improved parcel to a third person.
The board denied petitioner’s application after a hearing, but neither the minutes of that hearing nor the respondents’ answer and return herein set forth any findings from which the court can determine whether the board acted in accordance with the standards prescribed by the ordinance. The matter must, therefore, be remanded to the board for the holding of a further hearing and the making of findings based on the evidence and which are susceptible of review as to the sufficiency of the sup *825 porting evidence. (Matter of Lemir Realty Corp. v. Larkin, 8 A D 2d 970; Matter of Syosset Holding Corp. v. Schlimm, 4 A D 2d 766.) Any facts found on the basis of the board members’ knowledge of the property should also be stated. (Matter of Turiano v. Gilchrist, 8 A D 2d 953.)
The motion by which the application was denied appears to have been based on the fact that the parcel has been held since December 27, 1948 in common ownership with the adjoining parcel, and the briefs of the parties have argued only that question. As indicated by the italicized portion of section 505, however, the special exception provision of the ordinance relates to any parcel held in separate ownership at the time the ordinance became effective. 1 ‘ Regulations limiting the use of property must be strictly construed, and if there is any doubt as to their meaning it must be resolved in favor of the property owner”. (Matter of Turiano v. Gilchrist, supra, p.954.) This is not the case of an ordinance, such as that considered in Matter of Creamer v. Young (16 Misc 2d 676), which contains the further condition that the parcel in question not come into common ownership after the effective date of the ordinance. (See Matter of Cabral v. Young, 14 Misc 2d 550.) Since the subject parcel meets the requirement of the ordinance, the board had no authority to deny the application solely because of the later common ownership.
On remand, the board must determine whether a front yard decrease on one side of the lot should be authorized under the standards set up by section 1101 of the ordinance. Should it determine that the application should not be granted under the ordinance, it must then consider the application as one for a variance under the Village Law (§ 179-b), for no. ordinance provision may abridge the variance power granted by the Legislature to the board under that section. (Matter of Waldorf v. Coffey, 5 Misc 2d 80.) In the latter determination, the board will consider only whether practical difficulty exists; unnecessary hardship is not involved since no use variance is sought. In that connection, the board is not required to disregard the present common ownership and use of the subject parcel and the adjoining 40 feet by 100 feet plot. Petitioner argues that it has an absolute right to a building permit on constitutional grounds under cases such as Matter of Richards v. Zoning Bd. of Appeals of Vil. of Malverne (285 App. Div. 287); Matter of Federal Realty Research Corp. v. Zoning Bd. of Appeals of Vil. of Hempstead (7 A D 2d 651); and Matter of Mandalay Constr. v. Eccleston (9 A D 2d 918), but none of those cases involved substandard parcels held in common ownership with *826 sufficient adjoining land to meet the requirements of the ordinance. Constitutional rights are not infringed by discrimination between owners who have adjoining land and those who do not. (Matter of Cabral v. Young, supra.) Nor, apparently, does an ordinance provision, such as section 1308 above, against subdivision in such manner as to violate minimum ordinance requirements offend the Constitution. (See Matter of Chasanoff v. Silberstein, 6 A D 2d 872, affd. without opinion 6 N Y 2d 807 [in which the subject parcel met all area requirements of the ordinance, but left a substandard adjoining parcel]; Matter of Fina Homes v. Young, 14 Misc 2d 576, affd. 7 A D 2d 864, affd. 7 N Y 2d 845.) Under the Village Law the question to be determined by the board is whether “ carrying out the strict letter ” of the setback requirement with respect to the subject parcel can consistently with the ‘ ‘ spirit of the ordinance, ’ ’ and the security of “ public safety and welfare ” (cf. section 1317 of the ordinance) be varied in order that “ substantial justice [be] done.” In such an inquiry criteria such as those suggested in Matter of Wachsberger v. Michalis (19 Misc 2d 909) should also be used.