William R Brennan, Jr., J.
Petitioner, a builder, brings this article 78 proceeding to review an action of respondent Board of Zoning Appeals of the Town of Smithtown denying him permission to build on 11 plots of land in the vicinity of St. James. Upon the argument petitioner withdrew his application respecting 7 of the plots, leaving for determination here, the action of the board on but 4 parcels designated by numbers 119, 120, 121 and 122.
In the proceeding before the board on June 27, 1960, the relief sought was labeled and published as a request for variances, whereas on the argument and in the briefs the application is labeled as one for special exceptions. The board, on July 11, 1960, denied the application and apparently made no findings of fact as required by law. (Matter of Lemir Realty Corp. v. Larkin, 8 A D 2d 970; Matter of Syosset Holding Corp. v. Schlimm, 4 A D 2d 766.) In denying the requested relief however, the board labeled it as “ requests for variances,” although the minutes of the meeting contain reference to ‘ ‘ single and separate ownership ” as a basis for the request, a term which would ordinarily signify a special exception.
The confusion resulting from inaccurate nomenclature can be clarified only by reference to the Building Zone Ordinance of the Town of Smithtown, and a close reading of the pertinent parts of that document reveals that with respect at least to three of the four parcels, 119, 120 and 121, the relief sought is neither strictly speaking a variance nor a special exception, but the enforcement of a statutory right. A variance is a permitted alteration of an ordinance. A special exception is something authorized by the ordinance, but only upon proof of extrinsic facts to meet the standards imposed by the ordinance. See opinion of Hogan, J., in the Schlimm case (15 Misc 2d 10). Here, section 702 of the ordinance provides for an automatic 20% reduction in the lot area requirements of the “ G ” residence district, ‘ ‘ in the case of a lot held in single and separate ownership at the effective date of this Ordinance ”. There is no requirement that the single and separate OAvnership continue for any period of time. There is no condition that subsequent common OAvnership would impair rights already established. Nor are there any other standards or criteria set forth which would require proof of extrinsic facts in order for a special exception to be granted except the physical facts of the width of the lots at the building line. There is simply the question of fact which can be determined by public record, whether the three parcels were held in single and separate ownership on September 7, 1932, the date of the enactment of *223 the ordinance. If they were, petitioner is entitled to the benefit of the 20% lot area and frontage reduction and the side and rear-yard reductions provided for in the subsequent sections of the ordinance. If they were not, then, since the ordinance itself makes no provision for variances, but only for special exceptions, the application must be construed as one for a variance under section 267 of the Town Law. (See Matter of Waldorf v. Coffey, 5 Misc 2d 80.)
The respondent board was given no evidence whatever of the dimensions of the lots, the width at the respective building lines or proof of the ownership of the lots on the effective date of the ordinance. An attempt has' been made, in order to avoid an outright dismissal of the petition (see Matter of Long Is. Research Bureau v. Young, 7 Misc 2d 469) to supply the court with documentary proof. The evidence fails, however, since the court is still in the dark as to the width of the lots at the building lines. Moreover, the reports of Inter County Title Company show only that all four parcels were owned by the County of Suffolk on September 7, 1932. No proof has been submitted as to ownership of the respective parcels prior to the time the county took title by tax deed. It has recently been held by Mr. Justice Pittoni, in Matter of Cambareri v. Michaelis (20 Misc 2d 119), that the common ownership of contiguous substandard parcels by a county, through tax lien foreclosure sale, does not operate to deprive subsequent purchasers of individual parcels of the right to build. Applying that reasoning to the case at bar, the matter must be remanded to the board for the purpose of ascertaining the ownership of all four parcels immediately prior to the time tax title was acquired by the county, where it remained at the effective date of the zoning ordinance. If it is found that parcels 119, 120 and 121 were held in single and separate ownership at that time, then if the width of the building line of the respective plots is less than 75 feet, the board is directed to grant the building permits. If on the other hand the record discloses common ownership, the board is directed to treat the applications as requests for variances under section 267 of the Town Law and make appropriate findings. In this connection it might be noted that it is not the ■ ‘ unnecessary hardship ’ ’ test of the use variance as applied in Matter of Otto v. Steinhilber (282 N. Y. 71) which applies, but the “ practical difficulty ” test of the area variance as applied in Village of Bronxville v. Francis (1 A D 2d 236, affd. 1 N Y 2d 839).
With respect to parcel 122, it is noted that the request is for a reduction of more than 20% of the area requirements, a condi *224 tion beyond the automatic right granted by the ordinance, but consistent with that phrase of section 702 of the ordinance which states “or as may be authorized as a special exception by the Board of Appeals hereinafter provided.” The board is therefore directed to consider the application on this parcel first as a special exception under article XVII of the ordinance, and should it determine that the application should not be granted under the ordinance, then it must further consider the application as one for a variance under section 267 of the Town Law under the rules outlined above with respect to the other three parcels. (See Matter of Fina Homes v. Beckel (24 Misc 2d 823.)