In the Matter of HENRY W. BELL, Petitioner, *v.* FREDERIC G. WEISSER et al., Constituting the Board of Appeals of the Village of Great Neck Estates, Respondents.

Supreme Court, Special Term, Nassau County, May 29, 1962.

*Margolin & Balin* (*Herbert W. Solomon* of counsel), for petitioner. *Bentley & Owens* (*Edward S. Bentley* of counsel), for respondents.

MARIO PITTONI, J. Application for an order pursuant to article 78 of the Civil Practice Act reviewing and annulling a determination of the respondent Board of Appeals of the Village of Great Neck Estates, wherein a variance was denied the petitioner to build on a rectangular plot, approximately 65 feet by 174 feet, located on the northerly side of Mirrielees Avenue about 241 feet southwesterly from Bayview Avenue.

The record reveals that the subject property (Lot 627 of Section 2, Block 2 on the Land and Tax Map of Nassau County) was part of a larger lot in 1947. Lot 627, together with Lot 626, formed Lot 621 which was conveyed in 1947 to a William L. Ostreicher. Lot 621 had more than the minimum area of 12,900 square feet required by the ordinance in a Residence B district since 1926, although less than the street frontage of 90 feet required since late in 1947. But Ostreicher also owned an adjacent Lot 623 on which he built a house. Thereafter, by a series of conveyances unnecessary to relate, the subject property and Lot 623 finally came into the ownership of Emil and Gertrude Fiss in July, 1960. The petitioner acquired title to Lot 627 on October 26, 1961.

In an application of this nature the petitioner must show that the respondent was arbitrary or capricious in denying the relief requested. While the respondent has the authority to grant a variance on a showing of practical difficulties or unnecessary hardship in complying with the ordinance, there is no practical difficulty or unnecessary hardship when the difficulty or the hardship is self-created. The petitioner knew, and his predecessor in title knew, that the subject property did not comply with either the area or frontage requirements when title was conveyed in 1961. Section 30.03 of the Building Zone Ordinance provides *inter alia*:

" No lot shall be sold, divided, or set off in such a manner that either the portion sold, divided or set off, or the portion remaining,

" (a) shall be less than the minimum size prescribed by the regulations relating to the district in which it is situated, or

* * *

" (e) shall fail to have the street frontage required by the regulations relating to the district in which the lot or any part thereof is situated

* * *

" unless the portion which fails to comply with the foregoing requirements is added to and becomes part of an adjoining lot in such a way that the adjoining lot, as so enlarged, complies with all of such requirements."

Clearly, in view of the foregoing provisions of the ordinance and guided by such decisions as *Matter of Chasanoff* v. *Silberstein* (6 N Y 2d 807) ; *Matter of Ferryman* v. *Weisser* (3 A D 2d 674) and *Matter of Fina Homes* v. *Young* (7 N Y 2d 845), the respondent could come to no other decision than to deny the variance requested. Application is denied.