Jack Stanislaw, J.
Tara Homes, Inc., the petitioner in this article 78 proceeding, seeks an order annulling the decision of respondent Board of Zoning Appeals (Babylon) which denied its application to vary lot area and side yard requirements with respect to its property. The subject plot, consisting of what can be most conveniently referred to here as Lots 19 and 20, is located in a “ C ” Residence District and has dimensions of 40 by 100 feet. The Building Zone Ordinance of the Town of Babylon establishes a“C” Residence District under article V, and within that article fixes lot area minimum as 7,500 square feet (75 by 100 feet) and side yard minimum at 25 feet. However, it is further provided that ‘ ‘ a lot held in single and separate ownership at the effective date of this amendment of this Ordinance, viz., July 25, 1954” with area dimension of 60 by 100 feet may be built upon (art. V, § c-3). Under the same circumstances side yards may be reduced to a total of 18 feet (art. V, § e-7; probably incorrectly labeled by petitioner as § c-8).
Respondent unanimously turned down the application because the property was not held in single and separate ownership since July 25, 1954, and because approval would tend to overcrowd the land and therefore not be in harmony with the spirit and intent of the ordinance.
Tara alleges single and separate ownership since 1950. However, it exhibits a chain of title showing its own acquisition of *276 the property by deed dated July 11, 1960, recorded August 1, 1960. The grantor was Tara Lands Corp., the owner since March, 1956. Prior to March, 1956, Lots 19 and 20, and Lots 16, 17 and 18, were owned by the same individual. The latter three lots were also conveyed in 1956 to Tara Lands Corp., and then in February, 1960 to Tara Homes at Babylon, Inc. These Lots, 16, 17 and 18, measure a total of 60 by 100 feet. Forty feet of the rear 60 feet is contiguous with the entire rear line of the subject Lots, 19 and 20.
In July of 1959 the Building Zone Ordinance was amended (art. XX, § 25) to provide, in substance, that an owner’s subdivision of one parcel into two or more undersized or substandard plots shall be deemed a violation of the ordinance as to both the owner and the resulting plots. This amendment took effect immediately (July 30, 1959).
Despite petitioner’s characterization of its status with regard to Lots 19 and 20 as being its own predecessor in title, the court will not now assist in raising a corporate veil initially lowered by this party or its principals. It acquired title to the subject property in July, 1960. The conveyance of Lots 16 to 18, inclusive, in February of 1960 is of no concern here other than to observe that that subdividing was in violation of the amended ordinance (art. XX, § 25). The effect of this violation will be considered further below.
It is clear that these two separate parcels under discussion were separately buildable at the time of the enactment of the ordinance (1954). (Matter of Faranda v. Schoepflin, 39 Misc 2d 400; Matter of Fina Homes v. Beckel, 24 Misc 2d 823.) The 1960 conveyances to separate entities did not eliminate either vendee’s status as a separate owner if the vendor had such status. Professor Anderson observes that ‘ ‘ In general, the common exception of lots in single and separate ownership is available only to the owner of a substandard lot which is isolated. If the owner of such a lot owns another lot adjacent to it, he is not entitled to an exception.” (Zoning Law and Practice in New York State, § 8.34, p. 269; emphasis added.) In context, rectangular lots (20 by 100 feet), which have a common rear line, cannot be said to be adjacent, as a practical matter, in a district providing for rectangular (75 by 100 feet or 60 by 100 feet) building lots. Any other finding could have most unusual results. Any hardship and practical difficulty allegedly existing here would not be classified then as self-created (cf. Matter of Bell v. Weisser, 35 Misc 2d 377; Matter of Fina Homes v. Young, 14 Misc 2d 576, affd. 7 A D 2d 864, *277 affd. 7 N Y 2d 845; Matter of Jam Rick Homes v. Young, 28 Misc 2d 561).
Respondent apparently recognized the 1 ‘ carry over ’ ’ status of Lots 16 through 18 as entitled to a variance regardless of ownership .subsequent to enactment of the ordinance. In November, 1959, a building permit was issued for the building of a house on these lots. However, petitioner’s assertion here that any hardship presently existing by virtue of its ownership of a 40 by 100-foot parcel was created by respondent cannot be accepted. After all, it did acquire the lots involved here after the aforesaid permit had issued, whether it was its own predecessor in title or not. In fact, whether this petitioner realizes it or not, Tara Homes, Inc., stands in a much better position than its predecessor. Had Tara Lands Corp. divested itself of Lots 16 to 18, retained 19 and 20, and then made application for a variance the issue of intentionally created hardship would be a great deal more urgent. Here it is merely noted that where the original owner would have been entitled to an exception a conveyance ordinarily carries this privilege with it (Flanagan v. Zoning Bd. of Appeals of Vil. of Bayville, 2 Misc 2d 922, affd. 1 A D 2d 979). By thus establishing the validity of the exception allowed the 60 by 100 plot and by resolving the question of single and separate ownership it becomes possible now to proceed to a consideration of the underlying propriety of respondent’s action with regard to Lots 19 and 20.
However, Tara Lands Corp. did violate the letter of the ordinance by dividing its one parcel so as to include at least the one instant substandard parcel. A section of an ordinance prohibiting such conveyance is constitutional (Cloverdale Enterprises v. D’Abramo, 16 A D 2d 675). This case does present a unique situation in that a retention of all of this property would have resulted in a single parcel requiring a variance in order to build anyway, yet encompassing a total area well in excess of minimum requirements. There would be an inclination to uphold petitioner’s position in the instant situation but for the (impliedly intentional) violation of the ordinance in subdividing into substandard plots. Any prior or subsequent action by respondent with respect to similar lots does not affect the determination being scrutinized. And any other reaction by the court encouraged the flouting of duly enacted legislation. (Matter of Fina Homes v. Young, 14 Misc 2d 576, supra.)
In conclusion, it is interesting to note that the vendor’s right carrying over to the vendee with respect to the 60 by 100-foot plot differs from the instant case then only because of the fact that *278 the ordinance specifically provides for substandard lots measuring no less than 60 by 100 feet. The vendor had no right as' to a lesser lot and so could not convey .such right generally. The further conveyance also violated the amended ordinance and therefore this piece of property is doubly insufficient in size vis-a-vis the ordinance.
The proceeding is dismissed, and respondent’s decision affirmed based upon “ the spirit and intent of the ordinance ” and prospective overcrowding as indicated therein.