Bertram Harnett, J.
We have before us the classic case known to local zoning pundits as the 1 ‘ back-to-back split ’ ’. This is the division into two separate parcels of land in common ownership which has frontage on two parallel public streets and a resultant common rear boundary to the divided parcels.
The Town of Hempstead Board of Zoning Appeals granted two variances sought by Theresa R. Knittle.
Block 12 of the map in question goes from Allevard Street on the west and to Bath 'Street on the east in the Lido Beach area. The map filed for Block 12, as well as the maps filed for adjacent Blocks 11 and 13, the areas within a 200 foot radius of the subject lots, indicate that the Blocks are 130 feet deep with a center line of 65 feet.
Mrs. Knittle owns Lots 23, 123, 24 and 124 in Block 12, which lie adjacent to each other and comprise an aggregate area of 80 feet by 65 feet. These lots all front on Bath Street. Mrs. Knittle has sought a variance in required lot area to build a one-family dwelling with one-car garage on this four lot parcel. Of these four lots, two of them, numbered 23 and 123, border on the rear of her Lots 12 and 112 which front on Allevard Street.
In now seeking to build on her Bath Street lots, Mrs. Knittle found that with the split off the Bath Street lots, the remaining Allevard Street plot runs afoul of the present zoning ordinances which took effect long after it was improved. This Allevard Street plot measures 40 feet by 65 feet and is improved by a *1051 40-year-old one-family dwelling. Mrs. Knittle has sought a variance to maintain this dwelling with side yard variances and cantilever encroachment, a rear yard variance with stairway and second-story sundeck encroachment, and certain area deficiencies. In connection with this, she indicated that, if required to make a more spacious rear yard, she would take additional land from the Bath Street lots backing onto this property so that its depth would be increased from 65 feet to 70 feet. She proposed to put a jog in the rear line of the Bath Street parcel to afford the added five feet to the 'Allevard Avenue parcel (Lots 12 and 112), so that the Bath Street parcel would have an 80-foot front and half of its rear depth would be 65 feet, and, half would be 60 feet.
The house on the Allevard plot was built approximately 40 years ago when there were no area requirements. The two plots apparently came into common ownership after being in separate chains of title sometime before the adoption of the present zoning ordinance requirement of 6,000 square feet of area. The subdivision maps came before the town’s zoning ordinances, and, delineate beyond doubt that the two plots are back to back on Allevard and Bath Streets respectively.
Mrs. Knittle, then, asks for two variances, one to permit her to build on Bath Street, the other to maintain the dwelling on Allevard Street. The Town of Hempstead Board of Zoning Appeals granted both variances by decision dated November 29, 1968. The petitioners Guazzo and Marrapese have brought this application under article 78 of the CPLR with respect to granting the area variance as to the 80-foot by 65/60-foot plot. The petitioner Gutman has similarly challenged the granting of the variance with respect to maintenance of the existing dwelling on the proposed 40-foot by 70-foot plot. The petitioners are1 all owners of adjoining land.
By stipulation, Mrs. Knittle was permitted to intervene. The two petitions were heard together by this court and will be disposed of together.
The basic question for this court is whether the decision of the Board of Zoning Appeals in granting the variances was justifiable, or was arbitrary and unreasonable.
A careful perusal of the minutes of the public hearing held by the Board of Zoning Appeals indicates full consideration of the matter. The petitioners in this case were present and represented by counsel and were afforded the opportunity to offer testimony. They relied upon the testimony and cross-examination of Mrs. Knittle’s expert, an accredited real estate appraiser. The testimony indicated that the normal develop *1052 ment in the area is on plots of 65-foot depth, as indicated by the filed map of the area, and that there are only isolated instances of construction on plots that extend from street to street.
The board found that (1) the applicant sought to split parcels which are contiguous on their rear line, and that section 367 of article 16 of the Town Law empowers it, upon proper showing, to split this parcel “ back to back”; (2) the minimum area requirements contained in article 5, section B-10.1 of the Zone Ordinances was intended to stop lateral splits, and are not applicable to back-to-back splits; (3) the factual situation in this case is similar to Matter of Taylor v. Kramer (N. Y. L. J., Aug. 23, 1956, p. 4, col. 8; Land Purchasing Corp. of Amer. v. Schlimm, N. Y. L. J., Nov. 29, 1957, p, 13, col. 5; and Matter of Acacia Realty Corp. v. Schermerhorn, N. Y. L. J., March 25, 1966, p. 19, col. 4), and compelled the same results; (4) the proposed improvement of the vacant lot would be similar in character to other properties in the area and would be in keeping with the general concept of the neighborhood and would not increase the average density of average house per block; (5) the two parcels were not intended to form an exceptionally long plot running from street to street (citing Matter of Tara Homes v. Volz, 44 Misc 2d 275); and (6) on balance between the difficulty to Mrs. Knittle and the detriment to the community, the interests .of justice will be served by allowing the variance.
The parcels in question were separate on the subdivision map which preceded the current zoning ordinance. In principle, the case is decided on separability of parcels under the doctrine of the so-called “back to back splits ”. The authorities cited by the Town Board .of Zoning Appeals are entirely persuasive, namely Matter of Taylor v. Kramer (supra); Land Purchasing Corp. of Amer. v. Schlimm (supra); Matter of Perdel Homes v. Barnett (N. Y. L. J., Aug. 31, 1967, p. 20, col. 3); Acacia Realty Corp. v. Schermerhorn (supra); and Tara Homes, Inc. v. Volz (supra). Parcels with frontage on separate public streets are separate and distinct plots where they substantially meet the depth characteristics of the area as it has developed, notwithstanding their common ownership and rear continguity. The only evidence in this case relied on to refute the treatment of the parcels as separate entities is an addition to the existing Allevard Street dwelling which created a one-foot staircase encroachment on the Bath Street plot. This is argued to manifest an intention to abandon separation of parcels and a violation of original subdivision intent. However, it is not reasonable to predicate this conclusion on one such minor deviation, which, by its very nature, is too equivocal to permit the petitioners’ far flung *1053 deduction. The board was neither arbitrary nor capricious in rejecting it (see Matter of Willits v. Schoepflin, 23 A D 2d 868).
The court finds that the legal and factual pattern in which the board acted defeats any challenge to their action as being unlawful, arbitrary or capricious. For this reason, the petitions are dismissed (Thayer v. Baybutt, 29 A D 2d 486; Matter of Jonas v. Board of Std. & Apps. of City of New Rochelle, 3 A D 2d 668; Matter of Davison v. Segur, 24 A D 2d 797).
As stated (supra) the question before this court is whether the Board of Zoning Appeals acted arbitrarily and unreasonably in granting the variance. What the board did was to permit an existing use to continue, and, to permit a new dwelling to be erected on a plot substantially the same size or larger than almost every plot in the area. This is buttressed by the unchallenged statement that, of the 12 improved plots in Block 12, only two were conforming. The character of the area was well established 40 years ago, and the area is now fully developed. The proposed changes are in complete conformity to that character.
The petitioners argue that the variances should be denied since the applicant has not made a necessary showing of requisite economic hardship, citing the familar case of Matter of Fulling v. Palumbo (21 N Y 2d 30). The contention has no force, however, since this case rests on principles quite different from those found in Matter of Fulling v. Palumbo (supra), where a Zoning Board had denied a variance, and the applicant sought to overturn that denial on the grounds of its significant economic deprivation. In this case, the exercise of the board’s discretion was in favor of the variance and the attacking parties, who show no economic hardship of their own, in essence, allege an overriding public interest, which was not proven. The Town Board of Zoning Appeals has authority under subdivision 5 of section 267 of the Town Law to make such determinations “as in its opinion ought to be made in the premises ”. This includes the power to find that minimum lot area requirements are intended as a means of controlling ‘1 lateral ’ ’ splits and are not applicable to ‘ ‘ back to back ’ ’ splits.