Bernard S. Meyer, J.
Plaintiffs in this declaratory judgment action own five contiguous 20-foot by 100-foot lots fronting on the north side of Jackson Avenue in Massapequa Park and known as Lots 4660 to 4664 inclusive. Lots 4660, 4661 and 4662 were acquired by them on November 28, 1950 and were then improved by a one-family dwelling. Lots 4663 and 4664 which are unimproved, were acquired by plaintiffs on March 5, 1952 from one Yeatman, who had held them since June 12,1935. The lots are and since June 29, 1937 have been located in a Residential A District. Prior to June 29,1937, the zoning ordinance required width of 40 feet and area of 4,000 square feet. On *69 June 29, 1937, those requirements were increased to 60 feet and 6,000 square feet respectively, but an exception was provided for a lot with an average width of not less than 40 feet ‘ ‘ in separate ownership at the time of the passage of this ordinance.” On January 26, 1959 the exception was repealed, but the ordinance still authorizes the Board of Appeals to grant a special exception where a “ parcel was separately owned on June 29, 1937 and is of such restricted area or exceptional topography that it cannot be appropriately improved ” without modification of the yard, open space, lot area or lot width regulations, section 19-10(c) (2) of the ordinance. Plaintiffs have never owned any other property contiguous to the five lots referred to above.
Plaintiffs have never applied for a building permit for Lots 4663 and 4664, nor have they sought a variance or special exception. They ask judgment declaring that as a matter of right they are entitled to erect a one-family dwelling on Lots 4663 and 4664 and maintain the existing dwelling on the other three lots, or in the alternative that the ordinance as applied to their property is unconstitutional. The village has set up as an affirmative defense plaintiffs’ failure to exhaust administrative remedies, but the court considers that defense precluded by the decision of the Appellate Division in Carnat Realty v. Town of Babylon (33 A D 2d 563) and it is, therefore, dismissed.
The claim that plaintiffs are entitled as of right to a building permit for the 40-foot parcel rests upon (1) Matter of Mandalay Constr. v. Eccleston (9 A D 2d 918) and (2) the absence from the zoning ordinance of any merger provision. As this court has had prior occasion to note, the Mandalay Constr. case did not involve a substandard parcel 11 held in common ownership with sufficient adjoining land to meet the requirements of the ordinance. Constitutional rights are not infringed by discrimination between owners who have adjoining land and those who do not,” (Matter of Fina Homes v. Beckel, 24 Misc 2d 823, 825-826). Essentially, the Mandalay case is concerned with the law of nonconforming uses (Matter of Bexson v. Board of Zoning & Appeals of Town of Hempstead, 28 A D 2d 848, affd. 21 N Y 2d 961). It is not helpful to plaintiffs, therefore, unless there is warrant for disregarding plaintiffs ’ common ownership of the 40-foot parcel and the contiguous 60-foot property.
Were there a merger clause in the ordinance or had it contained and continued an exception for substandard plots not in common ownership with contiguous land after the passage of the ordinance, plaintiffs clearly would have no right to a permit for the substandard, portion (Matter of Vollet v. Schoepflin, *70 28 A D 2d 706; Matter of Faranda v. Schoepflin, 21 A D 2d 801; Matter of Fina Homes v. Young, 14 Misc 2d 576, affd. 7 A D, 2d 864, affd. 7 N Y 2d 845; Matter of Stenzler v. Commerdinger, 50 Misc 2d 235; Matter of Bonan Realty Corp. v. Young, 16 Misc 2d 119; Matter of Cabral v. Young, 14 Misc 2d 550). Here, however, the ordinance contained an exception for 4,000-square foot parcels in separate ownership on June 29,1937 and, therefore, Lots 4663 and 4664 constituted a buildable parcel as a matter of right at .least until repeal of that exception on January 26, 1959 (Matter of Soros v. Board of Appeals of Vil. of Southampton, 50 Misc 2d 205, affd. 27 A D 2d 705; Matter of Feldman v. Commerdinger, 26 Misc 2d 221; Matter of Bressler v. Williams, N. Y. L. J. Aug. 2, 1966, p. 9, col. 5). Plaintiffs argue that repeal of the exception does not terminate their right to build upon those lots; that only a specific merger clause can have that effect. There are, however, a number of fallacies in that argument. First, the Feldman and Soros cases, on which plaintiffs rely, do not support their argument. Those cases construed the language of specific exceptions; here the exception has been entirely deleted. Secondly, it is hornbook law that there is no vested right in the continuation of a particular provision of the zoning law (Cord Meyer Development Co. v. Bell Bay Drugs, 20 N Y 2d 211; Matter of Atlas v. Dick, 275 App. Div. 670, affd. 299 N. Y. 654) and the reversal of the Special Term decision (39 Misc 2d 400) in Matter of Faranda v. Schoepflin (supra) as well as the affirmance by the Court of Appeals in Matter of Fina Homes v. Young (supra) over the dissent in the Appellate Division, together establish that the rule is not different though the conforming portion of the commonly owned property has been built on and the substandard portion has not. Of course, the rule would be different if substantial investment had been made in building upon Lots 4663 and 4664 prior to January 26, 1959, but such is not the case. Thirdly, the question is, in final analysis, one of legislative intent, in which the absence of a merger clause is but one factor to be considered. Overbearing factors here are (1) the prior existence and 1959 repeal of a matter of right exception which proscribed merger of properties separately owned on June 29, 1937, (2) the continuation in section 19-10(c) (2) of the more limited special exception privilege for properties separately owned on June 29,1937, (3) the statement in section 19-60 (1) (a) of the 6,000-square foot area requirement in Residential A Districts, its restatement in section 19-61(1) and the reiteration in section 19-61(2) with respect to such districts that “No building permit shall be issued and no building shall be erected on *71 a plot of less than six thousand (6,000) square feet as set forth herein, nor when the issuance of the same shall leave remaining a plot immediately adjacent less in size than required by this chapter. ’ ’ While the concluding clause of the quoted subdivision is not applicable to the instant case, there can be no question when the legislative history and all of the related provisions are considered together that the legislative body intended to prohibit subdivision of adjoining, though separately acquired, land when such subdivision would result in a building being placed upon a substandard lot. In short, despite the absence of a merger clause, the effect of the ordinance considered as a whole and in relation to its prior provisions was to merge adjoining commonly owned lands, for all purposes except the limited special exception privilege accorded by section 19-10(c)(2).
The second string to plaintiffs’ bow is Matter of Fulling v. Palumbo (21 N Y 2d 30) and its progeny. The testimony of the opposing experts established the adjunct value of the two lots in question at $1,500 to $2,500 and their value as a buildable plot at $7,500 to $10,000. Under the view least favorable to plaintiffs, the value of the lots under the restriction of the ordinance is but one third of its unrestricted value. Plaintiffs have, therefore, demonstrated the severe economic injury necessary to shift to the village the burden of going forward with evidence that a legitimate community interest will be detrimentally affected by the erection of a house on the lots.
The village has, however, met that burden. The Fulling case recognized (as had Stevens v. Town of Huntington, 20 N Y 2d 352, before it) that “ there may be a legitimate interest in maintaining and preserving the character of a particular area” (supra, p. 34), but after analysis of the area in question concluded that the character of the immediate area there involved would not be affected by relaxing the ordinance. As this court noted in Junar Constr. Co. v. Town Bd. of Town of Hempstead (57 Misc 2d 727) no case has yet defined the area that must be taken into consideration. The village’s evidence establishes, however, that of 53 plots in the block -which includes the subject property and the blocks to the north, south and east, only one is nonconforming, and that while the block to the west contains homes on 40-foot plots, those houses are on the other side of a busy thoroughfare and near a parking field. The court concludes that the character of the area immediately surrounding plaintiffs’ property will be adversely affected if plaintiffs are permitted to build on Lots 4663 and 4664. In reaching that conclusion it has not overlooked the cases cited by plaintiffs. The Junar case (supra); Riviere v. Town of Hempstead (40 Misc *72 2d 152); Linder v. Chave (N. Y. L. J., May 10, 1968, p. 17, col. 5); Matter of Eisenstein (N. Y. L. J., July 1, 1968, p. 13, col. 5) all found upon analysis that the character of the area in question was not affected, and Matter of Work (Delany) (N. Y. L. J., Sept. 9, 1969, p. 18, col. 4) simply held that a trial was necessary to determine that issue. Not cited by plaintiffs, but consistent with the conclusion reached by the court are Matter of O’Donnell (Clare) (N. Y. L. J., Feb. 26, 1969, p. 27, col. 8) and Rowe St. Assoc. v. Town of Oyster Bay (N. Y. L. J., Dec. 11, 1969, p. 16, col. 7).
However, that conclusion does not end the inquiry under the Fulling rubric. It simply makes it necessary for the property owner, then, to ‘ ‘ demonstrate that the hardship caused is such as to deprive him of any use of the property to which it is reasonably adapted, and that, as a result, the ordinance amounts to a taking of his property ” (21 N Y 2d 30, 35, supra). In that demonstration, however, the severe economic loss which is the first factor of the Fulling equation “ does not ipso facto render the restrictive zoning unconstitutional” (Stevens v. Town of Huntington, supra, p. 357). It is but one factor to be considered in determining whether the restriction of the ordinance is unreasonable. Where, as here, it is shown that the character of the area will be changed and that the lots are adapted for and do have use and value as an adjunct to the adjoining residence owned by plaintiffs, and plaintiffs have presented no “ dollars and cents ” proof (see Matter of Crossroads Recreation v. Broz, 4 N Y 2d 39, 44) to establish any actual, as distinct from economic, loss, it must be held that they have failed to prove that a burden so undue and one-sided as to amount to confiscation has been placed upon them by the ordinance (cf. Vernon Park Realty v. City of Mount Vernon, 307 N. Y. 493, 498; Matter of Eaton v. Sweeny, 257 N. Y. 176, 183). It follows that the complaint must be dismissed.