In the Matter of MARION B. HATFIELD, Respondent, v. STANLEY W. KEMPNER et al., Constituting the Board of Zoning Appeals of the Town of Harrison, Appellants.—

Christ, P. J., Latham and Benjamin, JJ., concur; Munder, J., dissents and votes to reverse the judgment and to confirm appellants' determination denying petitioner's application for an area variance, with the following memorandum, in which Rabin, J. concurs: The question here is whether the appellant board abused its discretion, as a matter of law, in denying the application. To the general factual statement in the prevailing memorandum I would add that the board found, on what I think is substantial evidence, that petitioner acquired Lot 62 in 1937 for $1,500; that the lot was used in common with Lot 42 from 1937 until January, 1968*; that in November of 1962 she acquired title to Lot 42 by devise from her husband; that Lot 62 is 2,500 square feet short of the one-third acre minimum area requirement; that all the lots in the immediate area exceed the square footage of the subject lot; that most of the parcels in the general area, either as improved or as maintained by their owners, substantially exceed the one-third acre minimum; and that granting the variance would adversely affect the neighborhood in property value and character and would increase population, which would adversely affect the development's inadequate eight-inch water drain sewer and the town's already overburdened schools, garbage collection and disposal system. That being so, I find no abuse of discretion in the board's determination (see *Matter of Fulling* v. *Palumbo*, 21 N Y 2d 30, 34). There is no doubt that Lots 62 and 42 were used in common since 1937 or that, for at least four months, there was a merger of title in petitioner. Upon the happening of that merger there could be no division of the total parcel by which a substandard lot would be created, unless permitted by an exception in the ordinance (see *Khare* v. *Incorporated Vil. of Massapequa Park*, 62 Misc 2d 68, 70, affd. 35 A D 2d 653, affd. 27 N Y 2d 991). In the zoning ordinance of the Town of Harrison the only exception appears to be that contained in section 72-21F which in pertinent part reads: "Existing lots. In the case of a lot existing at the effective date of this ordinance and *con-*

---

* She did convey Lot 42 to her son and daughter-in-law in March, 1963, a fact the board did not mention in the findings.

*tinuously thereafter* in ownership separate from that of any abutting land" (emphasis added). It is obvious that petitioner does not qualify for that exception. What has happened here is that by her conveyance of Lot 42 to her son and daughter-in-law petitioner left herself with a substandard plot. To allow her to effectively claim that the zoning ordinance as applied to that self-created substandard lot is confiscatory appears to me to be directly contrary to the holding in *Contino* v. *Incorporated Vil. of Hempstead* (27 N Y 2d 701). (See, also, *Matter of 113 Hillside Ave. Corp.* v. *Zaino*, 27 N Y 2d 258.)