George F. X. McInerney, J.
Petitioner’s motion for an order reviewing, annulling, and setting aside the decision of the respondents on the 10th day of March, 1971, denying a variance to the petitioner, is denied.
Petitioner is the contract vendee of a substandard sized parcel of real property in a residential zone comprised of 7,408 square feet in an area zoned for 10,000 square feet. Originally it was part of a larger parcel of land conforming to the zoning requirements but was described as a separate tax parcel on the assessment roll. Subsequently the County of Suffolk perfected title to this tax parcel through delinquent taxes. The county then sold the property to the petitioner’s grantor. The Board of Zoning Appeals refused to grant a variance, contending that the parcel is substandard and carved out of a larger parcel and that the economic loss to the owner has not been established since his cost in acquiring the property is not disclosed.
The board found as a fact that the two parcels had been in common ownership since at least 1954 and that in 1965 the corporate owner conveyed the adjoining plot and let the present lot be sold for unpaid taxes. The board found that the conveyance by the owner was in violation of article XX, section 251 (now art. XYII, § 5-266) of the Babylon Building Zone Ordinance, since it created substandard lots.
The first issue is whether the sale to or the conveyance by the county created separate and single ownership by the purchaser.
The effect of a tax sale has long been held not to remove restrictions imposed by prior owners. (Wilkinson v. Nassau Shores, 1 Misc 2d 917, affd. 278 App. Div. 970, mod. 304 N. Y. 614; 13 N. Y. Jur., Covenants and Restrictions, § 102, p. 329.)
If one is to assume zoning restrictions are in the nature of negative easements, the question is answered. Indeed, if a restriction imposed by an owner survives the tax sale, should not a restriction imposed by a higher authority have greater viability? Further, if some restrictions are superseded by a tax sale, why not all of them?
No cases have been found directly in point, but three approach it. In Matter of Cambareri v. Michaelis (20 Misc 2d 119) the *198 parcel in issue was separately and singly owned when first zoned, and the then owner was entitled to build upon it. The county became the owner of it and an adjoining property by tax sale, later selling both parcels in the same dimensions as acquired. No one but the county was the common owner since the original zoning. The court held that merger did not apply and the two parcels were still singly owned.
The court pointed out that the county could not realistically be considered as the usual voluntary purchaser to whom merger would apply, since it had no choice but to purchase the tax parcels in the absence of other bids. Consequently the county was not under a duty to reassemble lots to conform with a local zoning ordinance when the original owner had had the right to use it. In Matter of Irace v. Kramer (20 Misc 2d 432) the same court (Pittoni, J.) reaffirmed the rule. In Matter of Feldman v. Commerdinger (26 Misc 2d 221) the rule was mentioned with approval.
The lot in the present case was not singly and separately owned prior to the tax sale and the tax sale purchase, and resale of the substandard parcel by the county did not create any new zoning rights in the purchaser.
If an opposite rule were adopted, the necessities of tax sales could destroy the entire fabric of zoning in certain localities, since a tax sale purchaser would then be able to purchase individual lots from the county’s large land bank and demand building permits.
The application was regarded by the board also as an application for an area and setback variance and denied on the grounds of what it considered self-imposed hardship (illegal subdivision) (Matter of 113 Hillside Ave. Corp. v. Zaino, 27 N Y 2d 258) and upon the failure of the petitioner to show economic loss or hardship.
Petitioner alleges economic loss by showing that the parcel without a variance is worth about $500 or $600 and about $3,500 with one. The petitioner is under a conditional contract to purchase for $2,000.
Petitioner’s argument is specious. He is either in the position of having paid too much for a nonbuilding plot, or he must stand in the shoes of the tax sale grantee. (In either event, of course, he can avoid the contract, since the variance was denied.)
The original grantee is in the position of having knowingly purchased a parcel of property upon which he could not build without a variance. The amount of the consideration was not disclosed, but even if it had been, no theory of economic loss *199 would be involved although he may have paid more than the property was worth. If the courts are going to guarantee that a careless land buyer can always sell at a profit, most of zoning would be destroyed.
The court finds that the denial of the variance by the board is not arbitrary, capricious, or unsupported by sufficient proof. Not only that, but on its own record the petitioner has not established his case. (Matter of Cherry Hill Homes v. Barhiere, 28 N Y 2d 381.)