■ In the Matter of Charles C. Allen et al., Appellants, v Nancy Adami et al., Constituting the Board of Zoning Appeals of the Village of Croton on Hudson, Respondents. Alan Seide et al., Intervenors-Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of respondent board of zoning appeals, dated December 12, 1973, which denied petitioners' application for a statutory exception, petitioners appeal from a judgment of the Supreme Court, Westchester County, dated June 7, 1974, which dismissed the petition. Judgment reversed, on the law, without costs, and petition granted. We are unable to agree with Special Term and the board of zoning appeals that a dual test is created by a zoning ordinance which permits an exception for a "lot owned individually and separately, and separated from any adjoining tracts of land on January 22, 1962". The board contends that such phrase requires continuing individual ownership of the lot in question separate from the ownership of any contiguous lots on January 22, 1962. On that basis the board denied petitioners' application for a building permit for a lot separately owned by another party on January 22, 1962, which is contiguous to another substandard lot, also acquired by them (from a different party) after that date. A common-sense reading of the ordinance sets up no dual requirement, but only the single requirement that the lot had to be held individually and separately by a party not owning any contiguous parcels on January 22, 1962. Had the drafters of the ordinance

wanted such individual and separate ownership to be a continuing require-ment for the exception, they would have so specified *(Matter of Soros v Board of Appeals of Vil. of Southampton,* 50 Misc 2d 205; see, also, *Matter of Stenzler v Commerdinger,* 50 Misc 2d 235; cf. *Khare v Incorporated Vil. of Massapequa Park,* 62 Misc 2d 68, affd 35 AD2d 653, affd 27 NY2d 991; *Matter of Vollet v Schoepflin,* 28 AD2d 706; *Matter of Faranda v Schoepflin,* 21 AD2d 801). Martuscello, Acting P. J., Christ and Shapiro, JJ., concur; Munder, J., dissents and votes to affirm the judgment.