OPINION OF THE COURT
Leon D. Lazer, J.
Can a subsequently adopted "merger” provision in a zoning ordinance extinguish single and separate ownership rights relative to a nonconforming parcel whose title has been joined with that of adjacent land? The issue arises in an article 78 proceeding brought to review a determination of the Zoning *869 Board of Appeals of the Town of East Hampton (the "board”) which, subject to certain conditions, granted petitioner’s application for an area variance to divide her property into two parcels and for ancillary relief. Petitioner seeks judgment: (1) nullifying the conditions; (2) determining that she has the right to use the parcels as separate legal parcels; and (3) directing the issuance of a certificate of occupancy. The board responds, however, that an amendment to the zoning ordinance enacted after the variance was granted has effectively eliminated petitioner’s right to any relief.
Petitioner owns two adjacent parcels of land each of which consists of 8,400 square feet in the residence A district in which the minimum plot area is 40,000 square feet. Each of petitioner’s plots also is improved with a single-family dwelling constructed prior to the enactment of the East Hampton zoning ordinance on September 9, 1957. Both of petitioner’s parcels were held in single and separate ownership prior to September 9, 1957 but title to them merged in petitioner’s predecessor in 1973 and was acquired by petitioner in 1976. When the latter’s application for a certificate of occupancy was denied, she obtained the planning board’s approval for the division of the property into two lots along the boundary line between them conditioned upon a grant of a variance by the zoning board of appeals. The variance was granted by the instant board subject to conditions which fixed the division line 15 feet north of the existing line in order to give the southerly parcel a rear yard and required off-street parking, separate septic systems and water and electric service.
At the time of the board’s grant, section 507.041 of the Zoning Ordinance of the Town of East Hampton contained an exception for certain nonconforming parcels which read as follows: "A building or structure may be constructed on any lot of record which does not meet lot area and width requirements, provided said lot was separate in ownership from any adjoining lot or tract of land prior to the effective date of this ordinance. For the purpose of this ordinance, a lot is defined as a parcel of ground under one sole or undivided ownership separate from that of any adjoining lots.”
When title to both parcels came into unitary ownership, the East Hampton zoning ordinance contained no "merger” provision which extinguished single and separate rights of nonconforming lots whose title merged with that of contiguous land. Petitioner argues, therefore, that the doctrine enunciated in *870 Matter of Allen v Adami (47 AD2d 922, affd 39 NY2d 275) is applicable to this case. In Allen, which involved a similar ordinance which contained an exception for single and separate nonconforming lots but no merger clause, the Appellate Division wrote that (pp 922-923): "A common-sense reading of the ordinance sets up no dual requirements, but only the single requirement that the lot had to be held individually and separately by a party not owning any contiguous parcels on January 22, 1962. Had the drafters of the ordinance wanted such individual and separate ownership to be a continuing requirement for the exception, they would have so specified.”
The gist of Allen, of course, is that single and separate rights protected by a provision in a zoning ordinance are not lost when title to nonconforming property is joined with that of adjacent property unless the zoning ordinance contains a merger clause. In East Hampton, the ordinance did not contain such a clause until 12 days before this proceeding was commenced when the East Hampton Town Board acted to remedy the deficiency by amending section 507.041 so that it now reads as follows: "Lots in single and separate ownership prior to the enactment of this ordinance and continuously thereafter are exempt from lot area and width requirements as detailed in Section 306.” (Emphasis supplied.)
In the board’s view, the newly enacted merger provision destroyed petitioner’s right to maintain her property as two separate parcels and thereby rendered the instant proceeding academic. The theory underlying the board’s position is that the court must apply the law as it exists at the moment of decision (Matter of Rosano v Town Bd. of Town of Riverhead, 43 AD2d 728) unless vested rights intervene (see, e.g., Matter of Bexson v Board of Zoning & Appeals of Town of Hempstead, 28 AD2d 848, affd 21 NY2d 961). The issue, therefore, is whether, under an ordinance which contains an exception for nonconforming parcels held in single and separate ownership but which lacks a merger clause, the owner of such a nonconforming parcel and adjoining land can sustain his single and separate rights against a merger clause subsequently adopted.
When a municipal legislative body divides a town or village into districts and prescribes the minimum land dimensions for particular use in such districts, it does so with at least constructive notice of the existence of every substandard parcel held in single, separate ownership and is under a duty *871 to make adequate provisions for such parcels (Matter of Long Is. Land Research Bur. v Young, 7 Misc 2d 469). Even where there is no section in the ordinance exempting such parcels from restrictions in an ordinance subsequently enacted — an "exception” provision — the owner is entitled to a building permit without a variance from the area requirements (Soros v Board of Appeals, Vil. of Southampton, 50 Misc 2d 205, affd 27 AD2d 705; Matter of Dittmer v Epstein, 34 AD2d 675) because the right to use the substandard parcel is a vested one (Matter of Bexson v Board of Zoning & Appeals of Town of Hempstead, supra) which cannot be destroyed by a subsequent adoption of amendments to the zoning ordinance (Matter of Macchia v Board of Appeals of Inc. Vil. of Kings Point, 7 Misc 2d 763). However, the merger of title to a nonconforming parcel with that of a contiguous parcel subsequent to the adoption of the zoning ordinance will destroy its nonconforming status where there is no exception provision in the ordinance (Khare v Incorporated Vil. of Massapequa Park, 62 Misc 2d 68, affd 35 AD2d 653).
Where the ordinance contains both an exception provision and a merger clause, a merger of even short duration will destroy the property owner’s rights and a variance will be required (see Matter of Hatfield v Kempner, 35 AD2d 1010, affd 33 NY2d 875). However, the instant case involves a merger clause enacted after the single and separate plots came into unitary ownership under an ordinance with an exception for pre-existing nonconforming rights. The effect of the merger clause under such circumstances does not appear to have been the subject of any published case.
An owner’s pre-existing single and separate rights relative to a nonconforming parcel whose title has been merged with contiguous land under an ordinance containing a statutory exception but no merger clause has been described as a statutory right (see Matter of Feldman v Commerdinger, 26 Misc 2d 221). Clearly, it is merely that and nothing more for if it were also a vested right it would exist in the absence of a statute. As solely a statutory right, it is as subject to extinction as any other unvested zoning right (see Matter of Rosano v Town Bd. of Town of Riverhead, supra) for a statutory right, even though characterized as absolute, does not bar application of the rule that the court must apply the law as it exists at the time of decision (see Matter of Turiano v Gilchrist, 8 AD2d 953). There is no vested right to the continuation of a *872 particular provision of a zoning law (Khare v Incorporated Vil. of Massapequa Park, supra; Kilfeather v Town Bd. of Town of Hempstead, 43 Misc 2d 328; see McGowan v Cohalan, 41 NY2d 434; Thomas v Town of Bedford, 11 NY2d 428; Rodgers v Village of Tarrytown, 302 NY 115). Although petitioner has a vested right to maintain the existing improvements on her parcels, she may not divide her land without a variance based upon a showing of practical difficulties or economic injury (see Matter of Mandigo v Zoning Bd. of Appeals of Vil. of Highland Falls, 45 AD2d 964).
In apparent recognition of the potential effect of the new merger clause, petitioner’s attorney has submitted a supplemental affidavit in which he asserts that he acquired title to one of the parcels by deed dated October 12, 1976 before the effective date of the merger amendment on November 5, 1976. He concludes, therefore, that both parcels were in single and separate ownership prior to the November 5 amendment. The board has written to the court objecting to any consideration of the supplemental affidavit upon the ground that the facts alleged were not pleaded. The board speculates that since no consideration is shown on the face of the instrument of conveyance, petitioner’s attorney may very well hold title as a mere nominee. The supplemental affidavit raises issues of fact relative to the circumstances which presently exist which preclude summary resolution under the "day of decision” doctrine.
Accordingly, an evidentiary hearing will be held at a Trial Term, Part 12 of this court at the courthouse in Hauppauge, New York, on May 16, 1977 at 2:00 p.m. to determine whether there was a bona fide conveyance to petitionér’s attorney on October 2, 1976.