■ In the Matter of GERTRUDE McDERMOTT, Appellant, v HENRY W. ROSE et al., Constituting the Board of Zoning Appeals of the Town of Hempstead, Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Zoning Appeals of the Town of Hempstead, dated September 8, 1987, which denied the petitioner's applications for variances in area, width, front and rear yard setback requirements, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Roberto, J.), dated January 5, 1988, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted to the extent of annulling the determination in question and the matter is remitted to the Board of Zoning Appeals which is directed to grant the application for the variances upon such conditions as it deems appropriate.

The petitioner is entitled to the requested area and width variances under the doctrine of single and separate ownership,

as the parcels in question were joined at the rear, thus forming a "back to back split" and there is no evidence on the record that any merger existed during the period of common ownership *(see, Matter of Bexson v Board of Zoning & Appeals,* 28 AD2d 848, 849, *affd* 21 NY2d 961; *Matter of Baretto v Zoning Bd. of Appeals,* 123 AD2d 692; *Matter of Guazzo v Chave,* 59 Misc 2d 1050). To enforce area and frontage requirements in such a case would constitute an unconstitutional deprivation of property *(see, Matter of Bexson v Board of Zoning & Appeals, supra; Matter of Mandalay Constr. v Eccleston,* 9 AD2d 918; *Matter of Dittmer v Epstein,* 34 AD2d 675; *see also, Matter of Mackay v Mayhall,* 92 Misc 2d 868, 870-871). The petitioner is also entitled to the requested front and rear yard setback variances as the imposition of these restrictions in this case would result in the virtual confiscation of her property *(Matter of Richards v Zoning Bd. of Appeals,* 285 App Div 287). Mollen, P. J., Mangano, Thompson and Rubin, JJ., concur.