■ In the Matter of DORIS K. MORIN, Appellant, v ZONING BOARD OF APPEALS OF THE VILLAGE OF IRVINGTON et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Irvington, dated May 19, 1987, which denied the petitioner's application for an area variance, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Nicolai, J.), entered July 6, 1988, which dismissed the proceeding. The appeal brings up for review so much of an order of the same court, entered October 26, 1988, as, upon reargument, adhered to the original determination (see, CPLR 5517 [b]).

Ordered that the appeal from the judgment is dismissed, without costs or disbursements, as that judgment was superseded by the order, made upon reargument; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, without costs or disbursements, the judgment is vacated, the petition is granted to the extent of annulling the determination under review, and the matter is remitted to the respondent Zoning Board of Appeals of the Village of Irvington, which is directed to grant the application for the area variance upon such conditions as it deems appropriate.

We agree with the petitioner that she is entitled to the requested area variance under the doctrine of single and

separate ownership *(see, Matter of MacKay v Mayhall,* 92 Misc 2d 868). In the matter at hand, the subject parcel was joined at the rear with another plot owned by the petitioner, thus forming a "back to back split" *(see, Matter of McDermott v Rose,* 148 AD2d 615, 616; *Matter of Barretto v Zoning Bd. of Appeals,* 123 AD2d 692). Inasmuch as the petitioner established that both parcels have frontage on separate streets *(see, Matter of Guazzo v Chave,* 59 Misc 2d 1050), meet the depth characteristics of the area as it has developed *(see, Matter of Scavone v Volz,* 34 AD2d 966; *Matter of Guazzo v Chave, supra),* and were never used in conjunction with each other *(see, Matter of McDermott v Rose, supra; Matter of Barretto v Zoning Bd. of Appeals, supra; Hemlock Dev. Corp. v McGuire,* 35 AD2d 567; *cf., Barrett v Rose,* 152 AD2d 525), the denial of the area variance was arbitrary, capricious, and an abuse of discretion *(see, Matter of Fuhst v Foley,* 45 NY2d 441). Accordingly, the matter is remitted to the Zoning Board of Appeals of the Village of Irvington with the direction that it grant the application to the extent indicated.

We have considered the parties' remaining contentions and find them to be without merit. Mangano, P. J., Rubin, Rosenblatt and Miller, JJ., concur.