Cortland A. Johnson, J.
In this article 78 proceeding, petitioner, who is the contract vendee of Lots Nos. 461 and 462, *120 Lakeview, Town of Hempstead, comprising a plot 40 by 100 feet, challenges the constitutionality of section B-10.1 of the Building Zone Ordinance of the Town of Hempstead as amended September, 1957, particularly that portion of the amendment which broadened the 6,000-square feet area requirement which had been added in 1951. The 1951 ordinance exempted from its application 4,000-square feet plots where the owner had no contiguous land, but since it said nothing on the question as to when this situation must exist, this court construed it to apply to all cases where the exceptional situation existed at the time of application for a variance (Matter of Edlu Custom Bldrs. v. Young, N. Y. L. J., Oct. 25, 1956, p. 12, col. 7, affd. without opinion 3 A D 2d 922).
The gist of the 1957 amendment was to limit the exception, not only to plots of the smaller dimensions at the time an application for a variance was made, but it likewise applied if the 6,000-square feet requirement could have been complied with at the time the ordinance took effect or at any time thereafter.
The argument is made that the right to build on an undersized plot is a vested right running with the land, and that it cannot be divested when the owner of such a plot subsequently acquires adjacent land to bring it up to standard size. This argument must be rejected unless we are prepared to abandon the whole concept of restrictive zoning. What the petitioner is saying is that he has a vested right in the broad exception, and that the town is powerless to circumscribe or further delimit it in any way, because to do so is to discriminate against him and deny him the equal protection of the laws. But regarded in another light, the exception itself is a discrimination in his favor rather than against him and, of course, he does not object to that. He objects only to the prospective limitation on the exception, i.e., the part which deals with a changing situation after the effective date of the enactment, but if the argument has any validity, it would apply with equal force to the other part as well, since both turn upon the ownership of adjacent land as distinct from the so-called right vested in the property itself and running with the land.
Thus if this argument be accepted, you could never change a zoning law for the better, for fear that you might invade the vested right of each little plot under the old law. This, of course, is not the law and vested rights are acquired not by the land but by the owner, and then only when he has changed his position after getting a valid permit under the old law (Matter of Atlas v. Dick, 275 App. Div. 670; Matter of Fairchild v. Rogers, 246 App. Div. 555).
*121 This ordinance applies with like effect to all persons similarly situated; it can do no more. Any ordinance must affect persons differently situated differently. If you own no property at all, it affects you not at all, but that does not make it invalid because it restricts the rights of another citizen who owns property.
The true test is whether the enactment, in this case the extension of the exception, bears a substantial and rational relation to the general welfare and safety and to the matters on which the respondent is authorized to legislate.
Taking cognizance of property coming into common ownership so as to make compliance with the declared legislative policy possible, certainly meets this test and such power has been recognized by the appellate courts (Matter of Chasanoff v. Silberstein, 6 A D 2d 872; Matter of Ferryman v. Weisser, 3 A D 2d 674).
On the facts it is not entirely clear that petitioner comes within the particular clause of the ordinance which it challenges. While the record does not sustain the town’s contention that Waldorf who is the record owner of Lots 459 and 560 is the alter ego of Cohen, the record owner of adjoining Lots 461 and 462, to the extent that the court may regard them as a common owner, the record does show that Bonan Realty, the petitioner herein, is the equitable owner of both plots by virtue of contracts with each of the record owners, and indeed the petitioner makes this application in its capacity as contract vendee of the Cohen plot. Therefore, at the time of the application for the variance, both plots were in the same ownership and, therefore, they were outside the scope of the exception even under the 1951 ordinance before it was amended.
For the reasons indicated, the application is denied. Short-form order signed.