■    In the Matter of CHARLES TURIANO, SR., Appellant, against R. BRUCE GILCHRIST et al., Constituting the Board of Appeals of the Incorporated Village of Hastings-on-Hudson, Respondents.— In a proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the Board of Appeals of the Incorporated Village of Hastings-on-Hudson which denied an application for a variance, the appeal is from so much of an order made on reargument which adhered to the original decision and dismissed the proceeding on the merits. Order insofar as appealed from reversed, without costs, determination annulled, and matter remitted to respondents for such further consideration and proceedings thereon as may be proper and not inconsistent herewith. In 1946, one Felix M. Oliva became the owner of the lot involved in this proceeding, together with six adjoining lots and a building erected thereon. In 1950 Oliva sold the six lots and the building to a third party and in 1957 conveyed the subject lot to appellant. At the time of that conveyance the Zoning Ordinance of the Village of Hastings-on-Hudson required that a building lot in the district in which the subject lot was located have a minimum width of 75 feet and an area of 7,500 square feet. The ordinance still so requires. The subject lot has an area of 8,436 square feet and a maxi-

mum width of 79.93 feet. Its minimum width is 42.5 feet. The ordinance in 1957 further provided, however, that its requirement as to minimum width should not be applied so as to prevent erection of a one-family dwelling on any lot of less width, "provided such lot is shown and building line established, if any, on a map duly filed * * * with the County Register of Westchester County." Appellant applied for a permit to erect a one-family dwelling on the lot, and his application was denied. On his application to respondents for an area variance it was established that, at the time of the passage of the ordinance, the lot was shown on a map duly filed in the office of the register, and there was no evidence that any building line had been established therefor. Appellant's application for a variance was denied apparently on the grounds, *inter alia,* that appellant had not established a condition "unique and peculiar to the property involved", and that "above all" the applicant had not proved the existence of an unnecessary hardship. Thereafter, and in 1958, the ordinance was further amended so as to provide that the minimum width regulations should not apply to any lot with a width less than that prescribed, only if such lot was under different ownership from that of adjoining land "on the effective date of the ordinance adopted on May 4, 1923". It is conceded that if this provision of the ordinance is valid, and a width or area variance cannot be obtained, appellant's lot is useless for any purpose. In our opinion appellant had an absolute right to erect a single-family dwelling on his property when he made application for a permit in 1957. The provision that the minimum width regulation should not apply to lots shown on filed maps was not limited to lots in single ownership. Regulations limiting the use of property must be strictly construed, and if there is any doubt as to their meaning it must be resolved in favor of the property owner (*Matter of 440 East 102nd St. Corp.* v. *Murdock,* 285 N. Y. 298, 304). However, we may not decide this appeal on the theory that appellant had such right at the time of his application for the permit, or at the time when he applied to respondents for relief. The ordinance has now been amended, and we must apply the law as it now exists (*Matter of Boardwalk & Seashore Corp.* v. *Murdock,* 286 N. Y. 494; *Matter of Dengeles* v. *Young,* 3 A D 2d 758), and we may not determine in this proceeding that the 1958 amendment to the ordinance is, as appellant claims, unconstitutional (cf. *Arverne Bay Constr. Co.* v. *Thatcher,* 278 N. Y. 222). However, it is apparent from the record that appellant has clearly established practical difficulty and hardship in carrying out the strict letter of the ordinance as now in effect, and it is equally apparent that respondents denied appellant relief upon an erroneous application of the law. Appellant was not required to establish a condition unique and peculiar to his property, or unnecessary hardship, in applying for a variation of the application of the regulations of the ordinance with respect to area and minimum width of building lots (*Matter of Village of Bronxville* v. *Francis,* 1 A D 2d 236, affd. 1 N Y 2d 839). The application should be reconsidered in the light of the 1958 amendment and the difficulty and hardship which has resulted therefrom, and on such reconsideration appellant should be permitted to offer evidence, if any is available, that in 1923, at the time of the enactment of the ordinance, the lot involved was not owned by a person who also owned contiguous property. On the determination of the application, after such reconsideration, the respondents should state the facts which they have found, particularly on their own knowledge of the property (cf. *People ex rel. Fordham M. R. Church* v. *Walsh,* 244 N. Y. 280; *Matter of Bach* v. *Board of Zoning Appeals,* 282 App. Div. 879). Appellant's claim that the ordinance is unconstitutional as confiscatory will not be

prejudiced by such reconsideration, and, if relief is refused, that fact may be proved in support of such contention (*Arverne Bay Constr. Co.* v. *Thatcher,* 278 N. Y. 222, *supra*). Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.