Bebxabd S. Meyeb, J.
In this article 78 proceeding, petitioner is the owner of property adjoining the subject parcel, for which the Board of Zoning Appeals has granted a Variance in required lot area, front width of lot, and side yard, to permit construction of a one-family dwelling. On oral argument (but not in its answer and return), the board contended that the property owner to whom the variance was granted is an indispensable party (Civ. Prae. Act, § 193) and, he not having been made a party to the proceeding, the court is without jurisdiction. Since the court concludes that the board’s determination must be sustained, it is not necessary now to determine whether the property owner is an indispensable party or whether, if so, the nonjoinder has been properly raised (see Carruthers v. Waite Min. Co., 306 N. Y. 136, 141).
The property owner’s initial application for a variance was denied on the ground that practical difficulty and unnecessary hardship had not been shown and that it had not been shown that the subject parcel was in single and separate ownership in 1930 when the Zoning Ordinance of the Town of Hempstead was adopted. Behearing was thereafter granted and on such rehearing evidence was produced which showed that the subject parcel (lots 131 and 132) as well as lots 128 and 130 and 133 to 137 adjoining on either side, had been owned by McG-olrick Bealty Corporation; that in October, 1928 the lots (128 to 130) now owned by petitioner were conveyed by the corporation to her predecessor in title; that in June of 1932, there was recorded a deed from the corporation to one Alber covering lots 133 to 137 which deed recited that the conveyance was “ Subject, however, to all assessments that have become liens since the 21st day of November, 1928, and all taxes that have become liens since the 21st day of November, 1928 ”, and that- in June, 1933, *810 the corporation conveyed the subject parcel to its present owner’s predecessor in title. In addition, there was introduced on the rehearing a letter from the attorney who had represented the McGolriek Bealty Corporation “ for a period of about eight years prior to 1933 ” which advised that he had prepared for that company a standard form of installment contract which was used in all of its developments and which provided for a cash downpayment, balance in monthly installments over a period of 60 months “ the purchasers agreeing to assume and pay all taxes and assessments from the date of their contracts, and because of such provision in the contract, all conveyances made to the installment purchasers were made subject to such taxes and assessments from the dates of their respective contracts.” The letter further stated that the attorney was unable to furnish any information concerning the present whereabouts of the grantee Alber. The board was also informed by the attorney for the owner of the subject parcel of the efforts made to locate the grantee Alber by searching the grantee-grantor indexes and the telephone directory, by writing to the former president of McGolriek Bealty, by checking social security records and by having a visit made to the address shown in the 1932 deed as the grantee’s then address. On the basis of the foregoing, the board determined that “ the premises were in single and separate ownership at the effective date of the original zoning ordinance in 1930.”
The foregoing determination of the Board of Zoning Appeals may be set aside only if the court finds that (1) on the whole record the findings of fact made by the board are not supported by substantial evidence, or that (2) the findings do not constitute a rational basis for the determination made, or that (3) the board committed an error of law. The court may not substitute its judgment for that of the board, however, and will not disturb the decision of the board unless erroneous in law or so clearly arbitrary as to constitute an abuse of discretion. The evidence before the board is sufficient if it can be characterized as the kind of evidence upon which responsible persons are accustomed to rely in the conduct of serious business affairs. (1 Benjamin, Administrative Adjudication in N. Y., p. 190.) As concisely put by Chief Judge Cardozo in People ex rel. Fordham Manor Ref. Church v. Walsh (244 N. Y. 280, 287), “At all events, when there is evidence in the record, whatever inferences therefrom are proper will be presumed, in aid of the dispensing resolution, to have been drawn by the Board. The statements of the witnesses do not have to comply with the technical requirements applicable to testimony in court. They are not even under oath. *811 It is enough that reasonable men could view them as entitled to probative effect.”
Petitioner’s contention is that the only proof of single and separate ownership is the attorney’s letter which, it is argued, is hardly the legal proof necessary to substantiate the allegation of single and separate ownership. As has been demonstrated, however, such is not the fact, for the attorney’s letter must be read in conjunction with the Alber deed. That deed though dated and recorded in 1932, recited that the conveyance was subject to taxes running from November, 1928. Petitioner suggests no reason why a grantee would accept such a conveyance if the property had not been under contract to grantee since the 1928 date. It is, in any event, sufficient to say that the Alber deed and the letter from the attorney for the McGolrick Realty Corporation was the kind of evidence on which responsible persons are accustomed to rely and that in giving that evidence probative effect and inferring from it that the conveyance to Alber antedated 1930 and that, therefore, the subject parcel was, in 1930, in single and separate ownership, the board did not act arbitrarily.
Nor did the board commit error of law in ignoring the record title and giving effect to the equitable ownership in Alber created by the pre-1930 contract which it thus inferred. In Matter of Bonan Realty Corp. v. Young (16 Misc 2d 119, 121) Mr. Justice Johnson held that petitioner, being equitable owner of two plots by virtue of contracts with the record owners, held the two plots in common ownership. In Huether v. Board of Zoning Appeals, Town of Hempstead, (N. Y. L. J., May 21, 1956, p. 13, col. 1) Mr. Justice Stoddart held that a purchaser under a contract entered into prior to the enactment of the zoning ordinance in 1930 held in single and separate ownership. The doctrine which converts the interest of a vendor under a contract for sale of real property to personalty and recognizes the vendee as equitable owner of the realty is familiar law. The vendee being bound to accept legal title, it does no violence to the legislative intent to relate his title, for purposes of the single and separate ownership provision of the ordinance, back to the date he acquired equitable title; indeed, any other construction would give rise to grave constitutional questions.
It follows that the board’s determination, being neither arbitrary nor erroneous in law, must be affirmed and the petition dismissed.