Jack Stanislaw, J.
In this article 78 CPLE proceeding petitioner Stenzler asks that a denial of her application for a variance be reversed and the Board of Zoning Appeals of the Town of Smithtown be directed to approve it and issue an appropriate building permit.
Stenzler owns a parcel in the town the dimensions of which are 40 by 100 feet. The town’s zoning ordinance places this property in a 10,000 square-foot minimum area district. At the hearing petitioner showed her property to have been singly and separately owned since the enactment of the ordinance as a legal building plot. She requested a variance which would allow her to build on her substandard plot.
In denying the application respondent emphasized that a contiguous similar parcel had been acquired almost simultaneously by petitioner’s husband (from a different grantor), and further that he financed petitioner’s purchase of the instant property. The board reasoned that these adjoining parcels were thus effectively, though perhaps not technically, under the same ownership and control. As a result, the board declared that a merger had occurred so as to deprive petitioner’s property of any benefits that might otherwise accrue to it as a substandard plot held in single and separate ownership. In effect, the variance was refused because this petitioner’s application showed a substandard plot created from the properly sized plot the result of the merger.
At the time of the board’s decision the ordinance permitted the use of and building upon a nonconforming lot ‘ separately owned and not adjoining any lot or land in the same ownership at the effective date of this ordinance ” (§ 13-B-40). While this proceeding was pending the ordinance was amended to allow the use of a nonconforming plot separately owned “in good *237 faith ” and not adjoining a “ lot under the same practical or effective ownership, whether or not the incidents of title are or were the same
Respondent now cites the ordinance itself as indicative of the legislative evaluation of those minimum area requirements most conducive to the protection of the public welfare. We are asked to consider and appreciate the methods employed by this husband and wife in practical avoidance and evasion of the zoning requirements of the Town of Smithtown.
This substandard lot was created by the zoning ordinance. Therefore and ordinarily, a subsequent variance would be mandatory so as to prevent a confiscation (Matter of Long Island Land Research Bureau v. Young, 7 Misc 2d 469; Matter of Waldorf v. Coffey, 5 Misc 2d 80; Matter of Macchia v. Board of Appeals, 7 Misc 2d 763). On the other hand, a merger doctrine can be validly invoked to prevent distortion of such continuing preordinance rights (Matter of Chasanoff v. Silberstein, 6 A D 2d 872; Matter of Bonan Realty Corp. v. Young, 16 Misc 2d 119; cf. Matter of Pappalardo v. Michaelis, 28 Misc 2d 808). The amended section here applies such doctrine and to that extent must be respected. But, in the first place, it is difficult to visualize what might be categorized as separate ownership in bad faith. Though we accept respondent’s argument that the law to be applied here is that existing at the time of our review, we find no indication of petitioner’s ownership of property in other than good faith.
The amended ordinance relates quite pointedly and directly to the board’s decision in this proceeding which applied a (later validated) principle of a sort of “circumstantial merger ”. Certainly property is often kept in or conveyed to diverse owners in order to preserve valid nonconforming plots. That practice is specifically in avoidance, not evasion, of an ordinance. It is as legitimate in purpose as the avoidance, not evasion, of taxes. There is no erosion of the ordinance involved, but rather an attempted preservation of zoning advantage. Just as predictably and understandably, municipalities may proceed to attempt the limitation of such holdover and below standard benefits.
The specific question before us is whether the record sufficiently indicates the ‘ ‘ circumstantial merger ’ ’ just added to the ordinance. The board has found that adding the fact of the marital relation to the single source of purchase money makes for a practical or effective identity of ownership of these parcels, merging them. Without probing into the propriety of the definition in the first instance we nevertheless cannot agree with respondent that it has been satisfied in this instance.
*238 Tims, the ordinance now provides that a merger may, in some cases, be assumed. From the fact of a marital relationship and of the one source of money, as noted above, the board assumed and decided that this plot had merg’ed with an adjoining plot as a practical matter. Considering that the finding eliminates a protected status we believe its basis must be more clearly and specifically demonstrated than it was here. An efficacious determination of ‘ ‘ circumstantial merger ’ ’ might properly be based upon findings of: (1) a community of interest as between adjoining owners minimally indicative of the possible single practical or effective ownership or control of such parcels; (2) the initial purposeful division of that interest to preserve substandard characteristics of particular properties; (3) actual or apparent postconveyance retention and even development by the single source of presumed control; and (4) the nature and substance of the underlying acquisition by the individual owners.
We find that the board’s determination lacks foundation in the record. Because of the intervening amendment and the incomplete record the matter is remitted for a further hearing and determination. The prior determination is set aside.