Memorandum. The order of the Appellate Division should be affirmed. Section 1 of article VIII-A of respondent village’s zoning ordinance prohibits a “ heliport ” as a use in the industrial “A” district in which appellant’s property is located. The Appellate Division held that as ‘ ‘ Fairly construed, the ordinance prohibits the activities which plaintiff’s operations would necessarily entail.” It is clear, however, that the ordinance, being in derogation of common-law property rights, must be
 
 strictly
 
 construed
 
 (440 East 102nd St. Corp.
 
 v.
 
 Murdock,
 
 285 N. Y. 298, 304). A strict construction of the term
 
 “
 
 heliport ” requires that it be held to include only a commercial flying operation devoted primarily or exclusively to the carriage of the public and carried on in connection with facilities attendant upon public use, such as those recently in operation in New York City. The term is not reasonably applicable to the appellant’s limited, occasional, purely business-connected use of a small portion of its parking lot for the landing and takeoff of its own helicopter. Accordingly, the order is properly affirmed on the ground also relied upon by the Appellate Division, that plaintiff’s operation comes within the definitions contained in section 240 of the General Business Law (subd. 4) and the requirements of section 249 of that statute (as amd, by L. 1969, ch. 199, eff. Jan. 1, 1970) must be met. The order is affirmed without prejudice to whatever action plaintiff may be advised to take in light of the amended section 249 of the General Business Law.
 

 Chief Judge Fuld and Judges Burke, Bergan and Gibson concur; Judges Scileppi, Breitel and Jasen concur in result upon the grounds stated in the opinion at the Appellate Division.
 

 Order affirmed, with costs, in a memorandum.