Jasen, J.
Petitioners Charles and Lucretta Allen are the owners, as tenants by the entirety, of two contiguous parcels of land in a residential area of the Village of Croton-onHudson. Lot 8 was purchased from Morton Weinerman on September 12, 1962, and Lot 8A from Nathan Frankel on *277 October 29, 1962. Lot 8 is improved with a single-family residence. Lot 8A, an unimproved parcel, is substandard under the current zoning ordinance which was enacted by village board of trustees on December 14, 1961. Hoping to develop this parcel themselves or to sell it for development, petitioners, in September, 1973, applied to the Zoning Board of Appeals for a special exception pursuant to section 5.1.7 of the ordinance. That section, as relevant here, provides as follows: "A lot owned individually and separately, and separated from any adjoining tracts of land on January 22, 1962, which has a total area or width less than prescribed herein may be used for a one-family residence in RA Districts and a two-family residence in RB Districts, provided such a lot shall be developed in conformity with all applicable district regulations, other than the minimum lot area and lot width requirements, and with the minimum side yards set forth below”. Petitioners take the position that, having shown that Lot 8A was owned individually and separately on January 22, 1962, they were entitled to the requested special exception. The Board of Zoning Appeals and the intervenors, while conceding separate and individual ownership of Lot 8A on January 22, 1962, contend that section 5.1.7 also requires that the lot be owned separately and individually at all times subsequent to that date, up to and including the date application for a special exception is made.
The ordinance before us does not clearly provide that common ownership arising subsequent to January 22, 1962 would effect a merger rendering the exception permitted by section 5.1.7 inapplicable to such commonly held adjacent parcels. Had the village intended to impose such a condition on the exception, it could easily have done so. (Matter of Soros v Board of Appeals of Vil. of Southampton, 50 Misc 2d 205, 208, affd without opn 27 AD2d 705.) Since zoning regulations are in derogation of the common law, they must be strictly construed against the municipality which has enacted and seeks to enforce them. (Thomson Ind. v Incorporated Vil. of Port Washington North, 27 NY2d 537, 539; Matter of 440 East 102nd St. Corp. v Murdock, 285 NY 298, 304.) Any ambiguity in the language used in such regulations must be resolved in favor of the property owner. (Matter of Turiano v Gilchrist, 8 AD2d 953, 954.) Therefore, since this ordinance does not clearly provide that adjacent substandard parcels must continue to be separately owned to qualify for the exception, we *278 hold that the petitioners were entitled to the special exception upon a showing that Lot 8A was owned individually and separately on January 22, 1962.
A contrary holding could lead to a rule that a substandard parcel merges into an adjoining parcel when both come into common ownership unless the ordinance creating the special exception specifically provides to the contrary. Neither the case law nor sound public policy permits such a rule. A merger is not effected merely because adjoining parcels come into common ownership. (Hemlock Development Corp. v McGuire, 35 AD2d 567.) The contrary view would undermine the many cases which have held there to be no merger in the absence of a specific merger clause. (E.g., Matter of Soros v Board of Appeals of Vil. of Southampton, 50 Misc 2d 205, 208, affd without opn 27 AD2d_705, supra; Matter of Feldman v Commerdinger, 26 Misc 2d 221, 222; Matter of Fina Homes v Beckel, 24 Misc 2d 823.) Indeed, were that the rule, there would be no need for the specific merger clauses found in such cases as Matter of Vollet v Schoepñin (28 AD2d 706), Matter of Faranda v Schoepflin (21 AD2d 801) and Matter of Creamer v Young (16 Misc 2d 676).
Accordingly, the order of the Appellate Division should be affirmed.