■ Town of Huntington et al., Appellants, v Barracuda Transportation Co., Inc., et al., Respondents. — In an action, *inter alia,* to permanently enjoin the defendants from operating a trucking or transportation business and from storing trucks, tractors and trailers on the subject property in violation of the zoning ordinance of the Town of Huntington, plaintiffs appeal from a judgment of the Supreme Court, Suffolk County, dated April 24, 1980, which, after a nonjury trial, denied the relief sought and dismissed the complaint. Judgment affirmed, with costs. Defendants' property is located in a district zoned "General Business". Plaintiffs contend that the defendants' business is a trucking or transportation business, which is not a permitted use of the property. Defendants maintain that their business is a permitted use under the zoning ordinance, namely, in the language of the ordinance, that it is a "Distribution centers for consumer products such as food, milk or bakery goods, but not including packaging, bottling or general warehousing" (see Huntington Code, § 198-27, subd [B], par [3]). The evidence at trial was that defendants pick up orders of frozen seafood at public warehouses "in New York, Brooklyn, and New Jersey" and bring them back to the property in Huntington. The trucks are unloaded at Huntington in order to assemble the orders for one customer on the same truck. The trucks are reloaded and the seafood is shipped out to various States. The trucks (tractor trailers) are all refrigerated and almost all are owned by the defendants. There is no packaging of the product at the premises, no bottling and no warehousing. Defendants are paid for the shipping, not for the food. The rule is that "Regulations limiting the use of property must be strictly construed, and if there is any doubt as to their meaning it must be resolved in favor of the property owner" *(Matter of Turiano v Gilchrist,* 8 AD2d 953, 954, citing *Matter of 440 East 102nd St. Corp. v Murdock,* 285 NY 298, 304; accord *Matter of Allen v Adami,* 39 NY2d 275; *Matter of De Masco Scrap Iron & Metal Corp. v Zirk,* 62 AD2d 92, affd 46 NY2d 864). Since the zoning ordinance under review does not define "distribution center", and it is unclear precisely what is meant by these words, the resulting ambiguity must be resolved against the municipality and in favor of the property owners. Accordingly, the trial court's holding that plaintiffs failed to establish that

defendants violated the zoning ordinance is affirmed. Damiani, J. P., Gibbons, Margett and Thompson, JJ., concur.