Richard C. Cahn, Esq. Village Attorney, Huntington Bay
You have asked that we review the substance of a proposed local law that would prohibit the establishment of airports in a village. This office does not as a rule review proposed local enactments since these are matters for the local legislative body based upon local conditions. We do have some comments on the source of authority for the proposed enactment.
The proposed local law by its terms would be enacted under section249 of the General Business Law. That section regulates the establishment and improvement of private airports and landing areas to promote harmony of land use and airport safety. Private airports may not be established or improved without the authorization of the governing body of the city, village, or town in which the airport is proposed to be established or improved (§ 249 [3]). The municipality may not authorize the establishment or improvement of the airport except in accordance with standards prescribed by the State Commissioner of Transportation (ibid.). The governing body of the municipality is required to request a determination by the commissioner of whether the proposed establishment or improvement complies with his standards (ibid.). A determination of compliance depends upon the impact of the proposed airport or improvement upon existing land use and other airport operations (ibid.).
Section 249 thus regulates the establishment and improvement of airport facilities, but the question of whether or where to locate airports or landing areas is a local zoning decision (Village Law, Article 7). Section 249 is not a zoning law. The right to establish zoning and other local regulations in relation to private airports is expressly preserved (§ 249 [8]).
A municipality may, through zoning regulations, exclude certain airport uses from specific districts (Anderson, New York Zoning Law and Practice, 2nd Edition, Volume 1, § 9.27). Such a regulation must bear a reasonable relationship to the promotion of the health, safety and welfare of the community (Village Law, § 7-700). Upon an application to establish an airport, the local legislative body must determine whether the proposed location is consistent with its zoning regulations. If consistent with local zoning, prior to authorizing establishment of the airport a determination by the commissioner of the Department of Transportation under section 249 of the General Business Law would be required (see Thomson Ind. v Incorporated Vil. ofPort Washington North, 32 A.D.2d 1072 [2d Dept, 1969], affd 27 N.Y.2d 537
[1970]).