OPINION OF THE COURT
William J. Kent, J.
The defendant has been cited under section 85-421A of article XLIII of the Code of the Town of Brookhaven. That section entitled “prohibited uses” bars the use of any part of a parking or loading area for “sales, dead storage, repair work, dismantling or servicing of any kind”.
The defendant is the owner of a Coachman Slide-on Camper and a Camper Special CMC three-quarter ton truck. The slide-on camper does exactly as its name connotes, it slides on the back of the truck. The truck and its attached slide-on camper are kept in the front yard of the defendant’s property. The main use of the vehicle is for camping trips.
The defendant has been cited for keeping her vehicle and the camper as “dead storage” in violation of the code. The rather large camper attachment sometimes stands by itself when not in use.
She now brings on this motion on the ground that the term “dead storage” is one that is not readily defined and is so vague as to be unconstitutional under the State and Federal Constitutions.
No one disagrees with the caveat that laws and ordinances must be clear enough so they do not entrap the innocent and give fair warning of what is prohibited. If the language is *186 imprecise then what is permissible and what is not permissible is delegated to policemen, Judges and juries to resolve on an ad hoc and subjective basis (Grayned v City of Rockford, 408 US 104; Papachristou v City of Jacksonville, 405 US 156).
This is not to say that impossible standards should be imposed upon a Legislature or Town Board. It is proper to use ordinary terms to express ideas which find adequate interpretation in common usage and understanding. The court recognizes that the English language is at best an imprecise language whose words and phrases can lead to varying interpretations.
In addition to relying upon everyday terms, the court recognizes that there is a presumption of constitutionality not only of legislative statutes but also of municipal ordinances. In fact, unconstitutionality must be demonstrated beyond a reasonable doubt (Lighthouse Shores v Town of Islip, 41 NY2d 7). However, the one exception to the general rule is when the ordinance regulates the use of real property. Such ordinances are in derogation of the common law and, therefore, must be strictly construed against the municipality and in favor of the property owner. (Matter of440 E. 102nd St. Corp. v Murdock, 285 NY 298; Matter of Allen v Adami, 39 NY2d 275; Town of Huntington v Barracuda Transp. Co., 80 AD2d 555.)
The subject ordinance is part of the Zoning Code of the Town of Brookhaven and, therefore, must be strictly construed.
The term in question “dead storage” is neither defined within the ordinance, defined in any dictionary but is a term that has some common usage. It means storing something that is not in use. The storage, however, must be over some period of time. Nowhere could the court find any standard nor could it find any indication of what period of time makes ordinary storage “dead storage”.
Would the defendant be cited if she left the camper back in her driveway for one day, two weeks or three months? The ordinance is silent in this regard and would seem to leave this interpretation up to enforcement authorities or Judges (Grayned v City of Rockford, supra).
If a camper is prohibited, then is a boat also prohibited but lumber being used to renovate a residence not prohibited?
The problem is that although everyone seems to have a vague idea of what “dead storage” is, it is difficult to be specific.
In light of the void for vagueness doctrines and especially in light of the strict construction standards that must be applied to zoning ordinances, the court finds that fair warning of what is *187 prohibited has not been given for the term “dead storage”. It is vague and open to varying interpretations to the extent that it must be declared unconstitutional.
The motion to dismiss the complaint is granted.