■ In the Matter of MARTHA BARKUS et al., Respondents, v ROY M. KERN, as Chairman of the Board of Zoning Appeals of the Town of Smithtown, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Smithtown dated June 21, 1988, which (1) denied an application by the petitioners Martha Barkus and Shirley Hershkowitz for variances to

construct a single-family dwelling and (2) denied an application by those petitioners and Max Hershkowitz for a variance to construct a one-family dwelling, the members of the Board of Zoning Appeals of the Town of Smithtown appeal from an order of the Supreme Court, Suffolk County (Geiler, J.), dated January 4, 1988, which annulled the determination and remitted the matter to the Board of Zoning Appeals of the Town of Smithtown for further consideration concerning, *inter alia,* single and separate ownership of the lots.

Ordered that on the court's own motion the appellants' notice of appeal is treated as an application for leave to appeal, the application is referred to Justice Balletta, and leave to appeal is granted by Justice Balletta *(see,* CPLR 5701 [b] [1]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

The petitioners Martha Barkus and Shirley Hershkowitz are sisters who inherited Tax Lots 30 and 32 in Smithtown from their father on November 29, 1979. The petitioner Max Hershkowitz, the husband of Shirley Hershkowitz, purchased Tax Lot 31, which is situated between Lots 30 and 32, on December 14, 1976. Martha Barkus and Shirley Hershkowitz applied for variances to construct a single-family residence on Lot 30, and they joined in the application of Max Hershkowitz to combine Lots 31 and 32 and to obtain variances to construct a house on the combined parcel. In addition, at the hearing on the application, the petitioners' attorney advised the Board of Zoning Appeals of the Town of Smithtown (hereinafter the Board) that although Lots 31 and 32 were separately owned, the parties would merge those two lots in the event the Board granted the applications.

Based upon counsel's statement at the hearing and the petitioners' joint application for variances for Lots 31 and 32, the Board determined that since the petitioners had the ability to merge Lots 31 and 32, they also had the ability to merge these lots with Lot 30 and, therefore, the lots were held in the same practical and effective ownership. It therefore denied the two applications for variances on the ground that all three lots were merged within the meaning of the Town of Smithtown Building Zone Ordinance § 54-13 (B) (4) (b).

We agree with the finding of the Supreme Court that the Board's determination was arbitrary, capricious, and without rational basis in fact, and should be annulled. Since zoning regulations are in derogation of the common law, they must

be strictly construed against the municipality which has enacted and seeks to enforce them and any ambiguity in the language used in such regulations must be resolved in favor of the property owner (see, Matter of Allen v Adami, 39 NY2d 275, 277). A merger is generally not effected merely because adjoining parcels come into common ownership unless the ordinance creating the special exception provides to the contrary (see, Matter of Allen v Adami, supra, at 278).

In this case, the mere fact that the petitioners are related, either by blood or by marriage, is not dispositive of the issue. Rather, the parcels were acquired years apart, which does not suggest "common" ownership or "same practical and effective ownership". Similarly, there is no evidence that a common source of funding was used in the purchases of, or in the subsequent maintenance of, the properties (see, Matter of Stenzler v Commerdinger, 50 Misc 2d 235). Nor is there any evidence that the properties were ever used in conjunction with each other or that one lot materially enhances the value or utility of another (see, Matter of Barretto v Zoning Bd. of Appeals, 123 AD2d 692). Furthermore, counsel's offer to merge Lots 31 and 32 if the applications were granted is insufficient to support the finding by the Board that Lots 31 and 32 are effectively merged, let alone the finding that all three lots are merged. As a result, we find there is absolutely no evidence in the record to support the finding by the Board of merger or constructive merger based upon the same practical and effective ownership (see, Matter of Barretto v Zoning Bd. of Appeals, supra; Matter of Stenzler v Commerdinger, supra).

Since the record is incomplete as to whether there was a merger within the meaning of the Town of Smithtown Building Zone Ordinance, whether the properties comply with other zoning regulations and whether any reasonable conditions and safeguards should be imposed if such variances are granted, the Supreme Court properly remitted the matter to the Board for further consideration.

We have considered the parties' remaining contentions and find them to be without merit. Sullivan, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.