INCORPORATED VILLAGE OF OLD FIELD, Respondent, v MARIA HICKEY et al., Appellants. [639 NYS2d 480]

The defendants own a 10-acre property on the north shore of Long Island in the Village of Old Field (hereinafter the Village) in Suffolk County. At the edge of their property, on the beach, sits an enormous boulder. In 1990, a green shamrock, at least 20 feet high and with an "H" in the center, was painted on the side of the boulder facing out to sea. The defendants also painted their name, "Hickey", on the boulder in six-foot high letters.

The Village notified the defendants that the "defaced" boulder constituted a violation of the Village zoning code. The Village contended that the painting on the boulder constituted the construction of a sign which exceeded the dimensions permissible under the zoning code (Code of Village of Old Field § 121-55). A "sign" is defined in the zoning code as: "Any structure or part thereof or device attached thereto or painted or represented thereon which displays or includes any letter, word, model, banner, flag, pennant, insignia, device or representation used as or which is in the nature of an announcement, direction or advertisement. For the purpose of this chapter, the word 'sign' includes 'billboard' but does not include governmental highway or traffic directional signs or the flag, pennant or insignia of any nation, state, city or other political unit" (Code of Village of Old Field § 121-5). The zoning code defines a "structure" as: "Anything constructed or erected which requires location on or in the ground or which is attached to something located on or in the ground [other than a fence five (5) feet or less in height], including but not limited to a building, garage, dwelling, corral and/or riding ring, stable, tennis court, swimming pool, beach house, platform, shed, shelter, dock, sign or fence in excess of five (5) feet in height" (Code of Village of Old Field § 121-5).

The defendants applied for a variance, which was denied in

September 1990 by the Village Zoning Board of Appeals (here-inafter the Board). The Board's denial of the variance was not based on a finding that the code provisions regulating signs applied to the painting on the boulder. Rather, the Board concluded that "whether the painting is deemed a sign or not, it is entirely inappropriate and out of harmony for the area and Village".

When the defendants refused to remove the shamrock and their name from the boulder, and to comply with other zoning code violations not at issue on appeal, the Village commenced the instant proceeding in 1992 to, *inter alia,* compel the defendants to remove the shamrock and their name from the boulder and for monetary penalties. In addition, a criminal proceeding was commenced in District Court, Suffolk County, against the defendants in 1993 for, *inter alia,* violations of the Code of Village of Old Field §§ 121-55, 121-13. In May 1993 the District Court dismissed those counts of the criminal information involving the boulder on the ground that the boulder was not a structure as defined in the zoning code. In the civil action, however, the Supreme Court, adopting a different view from that of the Board (i.e., that the shamrock was simply inappropriate), ruled in July 1993 that a literal interpretation of the zoning code would thwart the Legislative intent to regulate the use of signs in the Village and that the shamrock was a sign under the zoning code. In an order and judgment entered August 15, 1994, the court directed the defendants to remove their name and the shamrock and imposed civil penalties. We now reverse and grant summary judgment to the defendants dismissing the complaint insofar as it sought injunctive relief and penalties with respect to the painting on the boulder *(see,* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106).

Zoning ordinances are in derogation of the common law and must be strictly construed against the governmental body seeking to enforce them *(see, Matter of Allen v Adami,* 39 NY2d 275; *Thomson Indus. v Incorporated Vil. of Port Washington N.,* 27 NY2d 537; *440 E. 102nd St. Corp. v Murdock,* 285 NY 298, 304). They "must be read and given effect as * * * written by the Legislature, not as the court may think [they] should or would have been written if the Legislature had envisaged all the problems and complications which might arise in the course of [their] administration" *(Lawrence Constr. Corp. v State of New York,* 293 NY 634, 639). Ambiguities, if any, are to be resolved in favor of the property owner *(see, Matter of Allen v Adami, supra).* If the Legislative body of the Village of

Old Field wished to prohibit or curtail the conduct objected to, it should have said so in the zoning code. However, particularly where, as here, the ordinance restricts the manner in which real property may be used, its provisions are not to be extended by implication *(see, 440 E. 102nd St. Corp. v Murdock, supra; Triborough Bridge & Tunnel Auth. v Crystal & Son,* 2 AD2d 37, 40, *affd* 2 NY2d 961). Clearly, under the provision of the zoning code at issue here (Code of Village of Old Field § 121-5), a boulder is not a "structure" and the shamrock painted thereon is not a "sign". The defendants' shamrock may be considered inappropriate but it was not illegal. Rosenblatt, J. P., Ritter, O'Brien and Goldstein, JJ., concur.