■ In the Matter of AHEPA 91, INC., Respondent, v TOWN OF LANCASTER et al., Appellants, and ADRIAN ANDRUSZ et al., Respondents. (Appeal No. 1.) [656 NYS2d 979] —Appeal unanimously dismissed without costs (*see, Matter of Laborers Intl. Union v Shevlin-Manning, Inc.*, 147 AD2d 977). (Appeal from Order of Supreme Court, Erie County, Notaro, J.—CPLR art 78.) Present—Pine, J. P., Lawton, Callahan, Doerr and Fallon, JJ. (Filed Feb. 25, 1997.)

■ In the Matter of AHEPA 91, INC., Respondent, v TOWN OF LANCASTER et al., Appellants, and ADRIAN ANDRUSZ et al., Respondents. (Appeal No. 2.) [654 NYS2d 884] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to reinstate the zoning of a parcel of property in the Town of Lancaster (Town) to Multifamily Residential (MFR-3) zoning. In October 1990 the Town rezoned a 38-acre parcel that was

zoned Residential (R-1) into three different zones, the MFR-3 zone, an R-1 zone, and a Residential-Commercial-Office (RCO) zone. The resolution approving the rezoning required development to begin within one year after approval of the site plan application and, if not, the rezoning was void and the zoning classification reverted to R-1. It is undisputed that development of the R-1 and RCO districts began within one year after approval of site plans for those parcels; it is also undisputed that the MFR-3 parcel remained undeveloped. Petitioner submitted an application for site plan approval for the MFR-3 parcel in 1996, and the Town took the position that, because the parcel remained undeveloped, the zoning designation of the parcel had reverted to R-1. Petitioner challenged that determination, and Supreme Court granted the petition annulling the Town's rescission of the 1990 rezoning and further ordered the Town to approve petitioner's site plan and issue a building permit.

Because zoning regulations "are in derogation of the common law, they must be strictly construed against the municipality which has enacted and seeks to enforce them" (*Matter of Allen v Adami*, 39 NY2d 275, 277; *see, Thomson Indus. v Incorporated Vil. of Port Washington N.*, 27 NY2d 537, 539). "Any ambiguity in the language used in such regulations must be resolved in favor of the property owner" (*Matter of Allen v Adami, supra*, at 277; *see, Matter of Willow Wood Rifle & Pistol Club v Town of Carmel Zoning Bd. of Appeals*, 115 AD2d 742, 746, *lv denied in part and dismissed in part* 68 NY2d 752). We conclude that the 1990 zoning resolution is unclear whether development was required to begin on each parcel within a year of approval of a site plan or whether development of any of the parcels within a year of approval was sufficient. We therefore construe the ambiguity in favor of the property owner.

Although we affirm that part of the judgment annulling the Town's rescission of the rezoning and reinstating the zoning of the subject parcel to MFR-3, we vacate the remaining decretal paragraphs of the judgment ordering the Town to approve petitioner's site plan for development and to issue a building permit. Neither the Town of Lancaster Code nor Town Law provides for "approval by default" (*Nyack Hosp. v Village of Nyack Planning Bd.*, 167 Misc 2d 490, 491, *affd* 231 AD2d 617; *see, Matter of Grossman v Rankin*, 43 NY2d 493, 501). Additionally, site plan review is conducted by the Planning Board pursuant to Lancaster Town Code § 50-43 (C) (3), and the Planning Board was not made a party to this action (*see, Matter of Com-*

*mco, Inc. v Amelkin*, 62 NY2d 260, 265-266). Finally, the record does not establish whether the review undertaken pursuant to the State Environmental Quality Review Act regarding the 1990 rezoning addressed the specific impacts of the project as proposed. While the Town Board may have taken a "hard look" at the environmental impacts of the rezoning in 1990, it is not clear from this record whether that determination obviates the need for any further environmental review. (Appeal from Judgment of Supreme Court, Erie County, Notaro, J.—CPLR art 78.) Present—Pine, J. P., Lawton, Callahan, Doerr and Fallon, JJ. (Filed Feb. 25, 1997.)