OPINION OF THE COURT
Donald N. Silverman, J.
Petitioner commenced this CPLR article 78 proceeding for a judgment annulling and setting aside a determination of respondent Zoning Board of Appeals of the Town of Lewisboro dated August 28, 1996.
Petitioner had entered into an agreement to lease part of a parcel of property located near the intersection of Routes 35 and 121 in the Town. Petitioner proposed to erect, operate and maintain a 128-foot monopole antenna and an accessory equipment building on the site. The site is located in a retail business zone. This zone permits a maximum building height of 30 feet. On or about January 20, 1996, petitioner filed an application with respondents for an interpretation of the local zoning code to determine whether the monopole antenna was a building as defined under the code. If the tower did not qualify as a building, then it would not be subject to the height limitation. In the alternative, petitioner also sought a variance should the respondents determine that the tower was a building and that a height variance was required. On August 28, 1996 the respondent board voted to subject the monopole to the height limitation and to deny the required variance. This special proceeding ensued.
Petitioner contends that: (1) the monopole antenna is not a building under respondents’ zoning code and should not be subject to the building height limitation; (2) .the variance application was improperly denied as a result of the respondents applying an incorrect legal standard; and (3) this denial is improper as it is contrary to the Federal Telecommunications Act of 1996 (Pub L 104-104).
Respondents contend that the petition served upon them was defective in that it was not verified. Pleadings must be verified in article 78 proceedings (see, CPLR 7804 [d]). Any challenge to the verification of a petition is waived if not raised within 24 hours (see, Matter of Ireland v Town of Queensbury Zoning Bd. of Appeals, 169 AD2d 73, lv dismissed 79 NY2d 822 [1991]). Respondents did not raise this objection within the requisite period. Consequently, this objection is deemed waived.
Generally, an administrative body is accorded deference in rendering its determinations. An administrative determination *319 may not be set aside absent illegality, arbitrariness or abuse of discretion (see, Matter of Cowan v Kern, 41 NY2d 591, 598 [1977]). The board’s determination will be sustained if it has a rational basis and is supported by substantial evidence (Matter of Cowan v Kern, supra, at 598).
Petitioner contends that respondents’ determination that the monopole antenna is subject to the building height limitation is incorrect as a matter of law. In the petitioner’s memorandum of law, the term "monopole” is defined as "an antenna superstructure, consisting of a single pole, similar in appearance to a parking light pole, upon which the antenna[e] are mounted”. The local zoning code defines building as "any structure having a roof supported by columns or similar supports or walls and intended for the shelter, housing or enclosure of persons, animals or chattels” (see, Code § 220-2). Petitioner contends that because the monopole does not have a roof or walls and is not intended as a shelter, housing or enclosure, the height limitation is not applicable.
The determination of respondents states that "the Zoning Ordinance gives evidence of intent” to include structures such as the monopole under this ordinance. In its answer, respondents compare the exterior of the monopole to the exterior walls of a more typical building, asserting that they both enclose space and support the roof and that "[t]he pole is obviously designed to house the antennas.” Therefore, respondents maintain, the monopole conforms to the definition of a building and is subject to the building height limitation.
Zoning ordinances are held to be in derogation of common-law property rights. Consequently, they are to be "strictly construed against the municipality which has enacted and seeks to enforce them” (see, Matter of Allen v Adami, 39 NY2d 275, 277 [1976]; see also, McKinney’s Cons Laws of NY, Book 1, Statutes § 301 [d]). They "must be read and given effect as * * * written by the Legislature, not as the court may think [they] should or would have been written if the Legislature had envisaged all the problems and complications which might arise in the course of their [administration]” (see, Lawrence Constr. Corp. v State of New York, 293 NY 634, 639 [1944]; and see, Incorporated Vil. of Old Field v Hickey, 225 AD2d 666 [2d Dept 1996]).
In construing the meaning of a statute, words are to be given their plain and natural meaning (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 94). Respondents’ interpretation of their own code and their finding that it was intended to *320 include a monopole tower does not meet these standards. The antennas are to be attached to or mounted on a platform on the top of the 128-foot high monopole. It is necessary for the antennas to be exposed in order to effect their purpose of receiving and transmitting the cellular telephone signals. The court finds that the analogy drawn by respondent between the "walls” and "roof” of the monopole tower to those of a more typical building is strained beyond the plain meaning of those terms. Consequently, since the language of the local code fails to clearly address the construction at issue, it must be construed in favor of the applicant. Based on the foregoing, the respondents’ determination that the monopole is subject to the "building height limitation” is found to be arbitrary and capricious and unsupported by law.
Alternatively, even were this court to find that the proposed tower came within the definition of building in the code, the determination remains fatally flawed due to respondents’ misapplication of the correct legal standard in denying the variance portion of the application.
Under the local code, the instant application is considered to be a special permit. Where a special permit contains one or more features which do not comply with the zoning regulations, application may be made for an area variance (see, Town Law § 274-b [3]; cf., Dennis v Zoning Bd. of Appeals, 167 Misc 2d 555 [Sup Ct, Westchester County 1995] [construing the analogous section of Village Law]). Here, respondents applied a use variance standard. Generally, prior to recent changes in the law of land use and zoning, this has been considered to be a more demanding standard in contrast to area variance (see, Matter of National Merritt v Weist, 41 NY2d 438 [1977]). Today, subsequent to the recent changes referred to above, these types of variances continue to follow different standards (see, Town Law § 267-b [2] [b]; [3] [b]). The fact that respondents misapplied the correct standard is a substantial error of law in and of itself requiring that the decision be annulled and vacated.
Furthermore, in light of petitioner’s status as a provider of public services, it was entitled to a less demanding review of its application (see, Matter of Cellular Tel. Co. v Rosenberg, 82 NY2d 364 [1993]). This public utility exception applies when public necessity is shown. Public necessity is shown when "the proposed site is necessary to enable the company to render safe and adequate service, and that no alternative sites are available which could be used with less disruption of the community’s zoning plan” (see, 1 Anderson, New York Zoning Law and Practice § 11.24, at 565-566 [3d ed]).
*321 Here, respondents found that there were other sites from which a cellular telephone antenna would operate to fill the gap in service. Respondents stated that this lack of uniqueness required that the petitioner be held to a use variance standard rather than the area variance standard. Uniqueness is not a requirement for an area variance but it is relevant to the public utility exception as stated above (see, Town Law § 267-b [3] [b]; see too, Matter of Sasso v Osgood, 86 NY2d 374 [1995]).
Accordingly, it is the finding, decision, and final judgment of this court that the definition of building as contained in respondents’ zoning code fails to address the construction proposed by petitioner. Accordingly, the interpretation portion of the determination is in error. With respect to the remainder of the determination, it is so flawed as to be arbitrary and capricious. The determination is therefore annulled and vacated in its entirety and respondents are directed to issue a building permit within 30 days of this judgment.