Incorporated Village of Saltaire, Appellant, v Noel Feustel et al., Respondents. [835 NYS2d 372]—

In an action for a judgment declaring that the defendants violated certain provisions of the Saltaire Village Code and related injunctive relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated December 8,

2005, which, upon converting the plaintiff's motion to a motion for summary judgment, denied the motion and searched the record and awarded the defendants summary judgment declaring that the defendants did not violate the Saltaire Village Code.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the defendants did not violate the Saltaire Village Code.

The Incorporated Village of Saltaire (hereinafter the Village) commenced this action against the defendants seeking a judgment declaring that certain work performed on the defendants' property was performed in violation of the Saltaire Village Code (hereinafter the Village Code), and to enjoin the defendants from performing construction on the premises without first filing for a building permit.

Saltaire Village Code § 18-6(A) states, in pertinent part, "[n]o person shall commence the erection, construction, enlargement, alteration, removal, improvement, conversion, or change in the nature of the occupancy of any building or structure or cause the same to be without first obtaining a separate building permit for each such building or structure, except that no building permit shall be required for the performance of ordinary repairs which are not structural in nature."

The Village Code does not, however, define the terms "ordinary" or "structural."

Zoning ordinances, which are in derogation of the common law, must be strictly construed against the governmental body seeking to enforce them (*see Matter of Allen v Adami,* 39 NY2d 275 [1976]; *Thomson Indus. v Incorporated Vil. of Port Washington N.,* 27 NY2d 537 [1970]; *Matter of 440 E. 102nd St. Corp. v Murdock,* 285 NY 298, 304 [1941]; *Incorporated Vil. of Old Field v Hickey,* 225 AD2d 666, 668 [1996]). "Ambiguities, if any, are to be resolved in favor of the property owner" (*Incorporated Vil. of Old Field v Hickey, supra* at 668; *see Matter of Allen v Adami, supra*). Here, the defendants demonstrated that Saltaire Village Code § 18-6(A) is ambiguous insofar as it does not define the terms "ordinary" or "structural" and that it is not clear as to whether the work performed was "ordinary" or "structural" in nature. In opposition to the defendants' showing, the Village failed to raise a triable issue of fact.

In view of the foregoing, it was appropriate for the Supreme Court to search the record and award summary judgment in favor of the defendants (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]).

The Village's remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the defendants did not violate the Saltaire Village Code (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, J.P., Rivera, Dillon and Carni, JJ., concur.