■ TOWN OF RIVERHEAD, Respondent, v WALTER GEZARI et al., Appellants. [881 NYS2d 172]—

In an action, inter alia, for injunctive relief, the defendants appeal from an order of the Supreme Court, Suffolk County (Farneti, J.), dated July 11, 2008, which granted the plaintiff's motion to preliminarily enjoin them from using two parcels of real property for the takeoff and landing of aircraft and denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, Town of Riverhead, commenced this action to permanently enjoin the defendants from using, without a special permit, two of their properties for the landing and takeoff of aircraft, namely a helicopter, allegedly in contravention of Code of the Town of Riverhead (hereinafter Town Code) §§ 108-62 and 108-22. In the order appealed from, the Supreme Court granted the Town's motion for a preliminary injunction and denied the defendants' cross motion for summary judgment dismissing the complaint. We affirm.

" 'To obtain preliminary injunctive relief based on a violation of its zoning ordinances, a town need only show that it has a

likelihood of success on the merits and that the equities are balanced in its favor' " (*Town of Riverhead v Silverman,* 54 AD3d 1024, 1024 [2008], quoting *Town of Dover Town Bd. v Cascino,* 41 AD3d 834, 834 [2007]; *see* Town Law § 268 [2]).

Town Code § 108-3 (B) defines "airport" as "[a]ny landing area used regularly by aircraft for receiving or discharging passengers or cargo or for the landing and takeoff of aircraft being used for personal or training purposes." The defendants argued that the use of their property did not fall within the definition of "airport" since they used the helicopter for personal transportation purposes and because the landings and takeoffs did not occur on a "regular" basis. The Town argued that the term "used regularly" only modified the first clause of the definition, and thus, only applied to the use of a landing area "for receiving or discharging passengers or cargo," and not the second clause of the definition regarding the "landing and takeoff of aircraft being used for personal or training purposes" (Town Code § 108-3 [B]).

The definition of "airport," as set forth in the Town Code, is ambiguous. "Since zoning regulations are in derogation of the common law, they must be strictly construed against the municipality which has enacted and seeks to enforce them" (*Matter of Allen v Adami,* 39 NY2d 275, 277 [1976]; *see also Incorporated Vil. of Saltaire v Feustel,* 40 AD3d 586, 587 [2007]). Therefore, any ambiguity in the language must be resolved in favor of the defendants as the property owners (*see Matter of Allen v Adami,* 39 NY2d at 277).

However, the defendant Walter Gezari acknowledged that he purchased one of the two parcels in issue "purposely . . . to facilitate my landing and takeoff," and that parcel is apparently used for no other purpose. He further stated that his actions are "tantamount to a homeowner driving his vehicle to and from his property." Therefore, the defendants' use of the properties for landings and takeoff of the helicopter bears some indicia of regularity.

Thus, the Town demonstrated a likelihood of success on the merits of its claim that the defendants' use of the properties for helicopter landings and takeoffs violates zoning regulations. Furthermore, the balance of the equities favors the Town, as the Town demonstrated that the defendants' use of their properties to take off and land a helicopter posed safety hazards and noise concerns. The defendants did not show any hardship associated with the loss of the use of their land for such purposes. Thus, the Supreme Court providently exercised its discretion in granting the Town's motion to preliminarily enjoin the defen-

dants from using their properties for the landing or takeoff of aircraft (*cf. First Franklin Sq. Assoc., LLC v Franklin Sq. Prop. Account,* 15 AD3d 529, 533 [2005]).

The defendants, in support of their cross motion for summary judgment dismissing the complaint, failed to establish their prima facie entitlement to judgment as a matter of law (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). This failure required denial of the cross motion, "regardless of the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Thus, the defendants' cross motion for summary judgment was properly denied by the Supreme Court.

The parties' remaining contentions are without merit or need not be addressed in light of our determination. Spolzino, J.P., Angiolillo, Chambers and Hall, JJ., concur. [*See* 2008 NY Slip Op 32117(U).]